Vantrees *v.* Hyatt and Others.

5 487
126 566
5 487
135 242

*If a bidder at a sheriff's sale of real estate makes false representations to deter other bidders, and is successful, his purchase is fraudulent and void.*

ERROR to the *Daviess* Circuit Court.

Stuart, J.—*Vantrees* filed his bill in chancery setting forth that in *March*, 1838, he had recovered in that Court

a judgment against *Joseph Dougherty* for 125 dollars and 65 cents.

That in *October*, 1841, one *Jones*, for the use, &c., recovered against *Dougherty*, before a justice, a judgment for 72 dollars and 35 cents; and that on the 16th of *December*, 1841, a transcript was filed in the Circuit Court; and that, subsequently, there was a return of no goods found, &c.

The defendant *Hyatt*, and another, becoming interested in the *Jones* judgment, proceeded in *April*, 1849, by *sci. fa.*, to procure execution against certain lots owned by *Dougherty*, and had execution accordingly.

At the sheriff's sale they represented that the *Vantrees* judgment, and others to the amount of several hundred dollars, were liens on the lots prior to their judgment; that they intended to purchase the property as low as they could to save themselves; and that thus they deterred *Vantrees* and others from bidding.

That in addition to this, they specially promised *Vantrees*, before the ten years from the date of his judgment had expired, and when he was about to proceed to revive, that if he would not so revive they would pay off his judgment; and that trusting in such promise he had failed to revive.

That *Hyatt* and *Elphenstein* purchased at sheriff's sale three lots worth 1,000 dollars, for 120 dollars, and after deed by the sheriff to them, refused to pay *Vantrees*, alleging that his judgment was no lien on the property, and that they never had promised, &c.

The prayer is that the sheriff's sale be set aside as fraudulent and void, and for relief, &c.

The issues formed by their answer are, that the lots were not of the value of 1,000 dollars, but only 200 dollars; that they did not promise to pay the *Vantrees* judgment; and that they did not make any representations to deter bidders.

On final hearing, the Court decreed the sale void, and ordered the lots to be again sold to the highest bidder, &c.

*Hyatt* prosecutes error.

The facts fully sustain the decree of the Court. We do

not lay much stress on the promise to pay the *Vantrees* judgment, further than as it operated to deter *Vantrees* from bidding. If a bidder makes false representations to deter other bidders, and is successful in deterring them, his purchase is fraudulent and void. *Bunts* v. *Cole*, 7 Blackf. 265.

In this case, every fact put in issue by the answer, except perhaps the direct promise to *Vantrees*, is sufficiently proved by two witnesses. It is proved that the lots were worth from 1,000 dollars to 1,200 dollars; and that the representations were made as alleged, and that bidders were thus deterred, &c.

The sale was properly set aside; but we have some doubt about the order to pay the *Vantrees* judgment first, because the lien of his judgment was lost before the sale, not entirely without his fault. We think the order should be to pay the *Jones* judgment first, and then the *Vantrees* judgment.

In other respects, the decree is affirmed with costs.

*Per Curiam.*—The decree (with the exception above stated) is affirmed with costs.

*R. A. Clements*, for the plaintiff.

*G. G. Dunn*, for the defendants.