May Term,
1855.

FORELANDER
v.
HICKS.

---------•-◦-•-•---------

FORELANDER *v.* HICKS, Administrator.

If at a sale of land upon execution, the execution-plaintiff, by fraudulently representing that he is buying for the purpose of allowing the defendant to redeem, prevents competition, and purchases the land at a price greatly below its value, the defendant may have the sale set aside.

Where there are judgments of different dates against a debtor, in favor of the same creditor, he has a right to apply any voluntary payment to whichever judgment he chooses.

Where evidence was necessary to authorize a judgment of the Circuit Court, it will be presumed, in the absence of a bill of exceptions disclosing the contrary, that the Court proceeded upon proper evidence.

ERROR to the *Johnson* Circuit Court.

STUART, J.—This is a petition, seemingly in the nature of a proceeding in chancery, to set aside a sheriff's sale. Decree according to the prayer of the petition.

The proceeding was had in 1852, while the old practice was still in force. What would have been its fate on demurrer, or on motion in arrest of judgment, is not now a question. These tests of its sufficiency were not applied. Though the language of the petition, "your orator," &c., indicates in the mind of the pleader a bill in chancery, it may perhaps be better designated as a proceeding by notice and motion.

It appears that *Forelander* recovered against *Harrington* three judgments at law, of the following dates and amounts, viz., *September* 6, 1849, for 309 dollars; *March* 7, 1850, for 202 dollars; *March* 6, 1851, for 52 dollars; in all, 563 dollars. On these judgments it is alleged the defendant had paid at different times 450 dollars. These payments, it is said, *Harrington*, at, &c., elected to apply thus: 1. To the judgment of *March* 7, 1850; 2. To the judgment of *March* 6, 1851; leaving a surplus of between 175 and 200 dollars, to be applied on the first judgment of *September* 6, 1849.

It further appears that *Forelander* issued executions on all the judgments, and on the judgment of *March* 6, 1851, execution was issued *February* 20, 1852, by virtue of which the sheriff sold the land, the sale of which this motion seeks to set aside.

The petition sets up that *Harrington* had no notice of any such executions till after the sale; that *Forelander* attended, and prevented bidding, representing that he was buying in the property for the purpose of letting *Harrington* redeem, and under this pretext, which he afterwards refused to comply with, he purchased property worth 1,500 dollars for 192 dollars.

*Forelander* appeared by counsel, and, it would appear from the record, there was a hearing; upon which it was ordered that the sale be set aside. The Court find the

amount paid to be 464 dollars, and the payments are applied to the judgments, in accordance with the election of *Harrington*, as alleged in the petition.

The acts of *Forelander*, in preventing competition at the sheriff's sale, were a fraud on *Harrington* and sufficient to set aside the sale. *Vantrees* v. *Hyatt*, 5 Ind. R. 48.

*Harrington* had a right to elect to apply any voluntary payment he made on the judgments to whichever of the three he pleased. *The Mayor, &c.* v. *Patton*, 4 Cranch 317. Perhaps it would be otherwise as to any involuntary payment; for then it would be the duty of the sheriff, notwithstanding the election of the execution-defendant, to apply the money to the execution on the oldest judgment.

Several errors in the proceedings, not apparent on the face of the record, are urged in argument; for instance, that the Court acted without evidence. That fact not appearing in the record, should have been disclosed by bill of exceptions. In the absence of a motion for a new trial and a bill of exceptions setting out the evidence, or showing the fact that there was none, we can not judicially know upon what the Court acted.

We must therefore presume in favor of the action of the Court.

There may perhaps be some informality of a sufficiently grave character to have been reached by motion in arrest of judgment; but that motion was not made. These omissions are the less to be regretted, as it would appear that the substantial justice of the case had been reached.

*Per Curiam.*—The judgment is affirmed with costs.

*F. M. Finch*, for the appellant.

*D. Hicks, L. Barbour* and *A. G. Porter*, for the appellee.