The Board of Commissioners of Jennings County *v.* Verbarg.

---

63   107
126  361
63   107
164  562

THE BOARD OF COMMISSIONERS OF JENNINGS COUNTY *v.* VERBARG.

PLEADING.—*Practice.*—*Demurrer.*—A demurrer to the whole of a complaint consisting of several paragraphs should be overruled, if any one of the paragraphs be sufficient.

SUMMONS.—*County Commissioners.*—In an action against certain persons designated in the complaint as the "Commissioners of * * County," the summons served upon them named each one personally, and styled them "Commissioners of the County of * * ."
*Held*, that the summons was sufficient.

SAME.—*Pleading.*—*Common Count.*—A complaint in the nature of a common count, with a bill of particulars attached thereto, may properly be used in an action on account, against the board of commissioners of a county.

The Board of Commissioners of Jennings County *v.* Verbarg.

SAME. — *Letting of Public Work.* — *Contract.* — *Pleading.* — A complaint against a board of commissioners alleged, that, pursuant to a proposition by the board for bids on certain work to be done for the county, the plaintiff had made a bid, which was accepted by the board, conditioned upon his giving bond, which he had done, and averred performance by him and a breach by the board.

*Held.* on demurrer, that the facts alleged constitute a contract, and that the complaint is sufficient.

SAME.—*Answer.*—*Failure to Advertise.*—*Notice of Letting.*—It is no answer to such action to allege that such letting had been made without advertising.

SAME.—*Fraud.*—*Public Policy.*—It is a sufficient answer to such complaint to allege that the plaintiff, by promises of reward made by him to one who intended making a bid to do the work for a less sum than that bid by the plaintiff, had induced him not to make a bid.

EVIDENCE.—*Proposition for Compromise.*—An unaccepted proposition for a compromise of a legal controversy is not competent evidence for either party.

From the Jennings Circuit Court.

*T. C. Batchelor*, for appellant.

*J. Overmyer*, for appellee.

BIDDLE, J.—The appellee filed his complaint in the Jennings Circuit Court, against " Samuel M. Crist, Joseph B. Smith and Edward Marsh, commissioners of Jennings county, Indiana," and caused a summons to be issued thereon by the clerk, commanding the sheriff, in the name of the State, to summon " Samuel M. Crist, Joseph B. Smith and Edward Marsh, commissioners of the county of Jennings, Indiana, to appear" and answer the complaint.

The summons was returned by the sheriff, " Served by reading to the defendants."

After the service and return of the summons, the appellee filed a complaint against " The Board of Commissioners of the County of Jennings."

The board of commissioners then entered a special appearance, and moved to quash the summons as to the board. The court overruled the motion, and required the

board to answer the complaint, to all of which the board reserved exceptions.

We think this summons is sufficient under section 37, 2 R. S. 1876, p. 49. The addition of the words, "Commissioners of the county of Jennings," to the names of the commissioners, was sufficient to inform them who was sued. Seé, also, *Hughes* v. *Osborn*, 42 Ind. 450.

The complaint contains three paragraphs. The first is a common count for work and labor done, and materials furnished; the second is upon a special contract to build a fence; and the third is for stone belonging to the appellee, converted by the appellants.

Demurrer to the complaint, generally, for a defect of parties, and because it does not state facts sufficient to constitute a cause of action. Demurrer overruled; exceptions.

Separate demurrers to the second and third paragraphs of complaint; overruled to the second, and sustained to the third; exceptions.

Answer to the whole complaint, in five paragraphs.

Answer to the second paragraph of complaint, in four paragraphs.

Demurrer, for the want of facts, to the third, fourth and fifth paragraphs of answer to the complaint. Overruled to the fourth and fifth; sustained to the third; exceptions.

Demurrers to the second, third and fourth paragraphs of answer to the second paragraph of complaint, for the want of facts. Sustained to the third and fourth; overruled to the second; exceptions.

Reply.

Trial by jury; verdict for the appellee.

Motion for a new trial overruled; exceptions; judgment; appeal.

Questions upon the following rulings are presented by assignment of error, and discussed by the parties:

1. Overruling demurrer to the complaint.

There is no error in this. It is so plain we need not discuss it. If either count was good, the demurrer was properly overruled. The first paragraph is in the form of a common count, with a bill of particulars sufficiently specific.

2.   Overruling the demurrer to the second paragraph of complaint.

This paragraph sets up a proposition from the appellant to receive bids for building a certain specified fence, avers that the appellee made a certain bid to build the fence, an acceptance of the bid by the appellant upon the condition that the appellee would give bond for the performance of the work, and that the appellee gave the bond required, which was accepted by the appellant. These facts constitute a contract. Performance and the proper breaches are averred. The paragraph is sufficient.

3.   Sustaining the demurrer to the third paragraph of answer to the second paragraph of the complaint.

This third paragraph avers that the contract was let without advertising. If this has any significance at all, it could not be set up by the appellant, to defeat its own contract. The demurrer was properly sustained.

4.   Sustaining the demurrer to the fourth paragraph of answer to the second paragraph of complaint.

This paragraph is as follows: That, after the adoption of the said plans, and recording the same with the specifications, as alleged in the complaint, the plaintiff, well knowing that one Henry Hampson was desirous to build said stone fence for three dollars per cubic yard, went to the said Hampson and corruptly proposed to him, that, if he would make no bid therefor, he, Verbarg, would get the contract for building said fence for four dollars and fifty cents per cubic yard, and would then divide the profits with the said Henry Hampson; that, by reason of the said corrupt proposition and promise, the said Hampson made no

bid or proposition to do said work, although he was skilled in the business and possessed abundant means to do said work. And thereupon the said Verbarg made the proposition set out in his complaint, to do said work for the sum of four dollars and fifty cents per cubic yard, and induced the said board of commissioners, by falsely representing that said sum was the lowest possible price at which said work could be done, to accept his said proposition. An additional averment avers a set-off of two hundred and twenty-five dollars.

This paragraph is a good answer to the special contract to which it is pleaded, and upon which the appellee seeks to recover. It shows that the contract was obtained by fraud, and is against public policy. *Bunts* v. *Cole*, 7 Blackf. 265 ; *Plaster* v. *Burger*, 5 Ind. 232 ; *Vantrees* v. *Hyatt*, 5 Ind. 487 ; *Forelander* v. *Hicks*, 6 Ind. 448 ; *Gilbert* v. *Carter*, 10 Ind. 16 ; Benjamin Sales, sec. 444 ; Hilliard Sales, 259 ; Story Sales, sec. 484.

5. The admission of certain evidence, over the objections of the appellant.

At the trial the appellee offered the following writing in evidence:

" To Henry L. Verbarg: If you will pay into the county treasury the sum of one hundred and twenty-five dollars, and pay the expenses of removing the stone to the depot, you can take the stone you delivered to the county to build a stone fence around the court-house square, and we will relinquish all our claim on said stone.

" Vernon, Ind., Dec. 1873.

" Samuel M. Crist,
" Edward Marsh,
" Joseph M. Smith,
" Commissioners of Jennings county, Indiana."

The appellant objected to the introduction of the above evidence, upon the following grounds

1.   Because said paper is wholly irrelevant and immaterial;

2.   Because it is no record that said commissioners are by law required to make or keep;

3.   Because said paper contains a proposition from the defendants to the plaintiff for a compromise, which the plaintiff refused to accept.

We think the third objection is well taken. An offer or proposition for a compromise of a legal controversy, not accepted, is not competent evidence for or against either party. This paper contains an offer of compromise which was not accepted; it was therefore improperly admitted, over the objections of the appellant.

There are other questions mooted in the case, but with this opinion before the court, they will not be likely to arise again.

The judgment is reversed, at the costs of the appellee, and the cause remanded, with instructions to sustain the motion for a new trial, and for further proceedings.