No. 11,076.

## ·Lynch v. Reese.

Sheriff's Sale.—*Complaint to Set Aside.*—*Preventing Bids.*—A complaint to set aside a sheriff's sale of land, on the ground that the purchaser prevented others from bidding, is not good unless it also avers that the land was sold for less than its value, or unless it is averred that more land was sold than was necessary to pay the judgment.

Same.—*Sale by Parcels.*—*Discretion of Sheriff.*—Where the land sold consists of a single parcel, its division rests largely in the discretion of the sheriff, and where it does not appear that such discretion has been abused, the sale will not be disturbed on such ground.

SAME.—*Abuse of Discretion.*—The facts which tend to show abuse of discretion must be averred, and it is not enough to merely aver that such land was susceptible of division.

SAME.—*When Action may be brought to Set Aside Sale when Bidding was Prevented.*—When a purchaser of land at sheriff's sale induces others not to bid, and thus procures the land for less than it is worth, the sale will be set aside, and this will be done though the action is not instituted until after the year of redemption has expired.

SAME.—*Fraud.*—*Statute of Limitations.*—Such action is based upon the fraudulent conduct of the purchaser, and may be brought at any time within the statute of limitations.

From the Grant Circuit Court.

*G. W. Harvey* and *J. Brownlee*, for appellant.

*J. L. Custer*, for appellee.

BEST, C.—This action was brought by the appellant to set aside a sheriff's sale of land.

The complaint consisted of two paragraphs. A demurrer for the want of facts was sustained to each, and this ruling is assigned as error.

The first paragraph averred, in substance, that the appellant owned thirty-six and one-half acres of land off the west side of the northeast quarter of section eighteen (18), and the northwest quarter of said section (except fifty-eight acres off the north side), in township twenty-three (23) north, of range nine (9) east, in Grant county, in this State; that the appellee purchased said land at sheriff's sale on the 25th day of April, 1880, upon certain executions issued upon two judgments rendered against the appellant, one in favor of the Wayne Agricultural Works, and the other in favor of the appellee, both of which, with the costs thereon, then amounted to the sum of $191.14, and that the appellee has no other claim to said land; that said sale, and the deed made in pursuance thereof, are invalid, for the reason that the appellee, "at said sale, then and there, for the purpose of preventing other persons who were at said sale, intending to bid at the same, from bidding, then and there represented that said land was encumbered to near the value of the same, which the pur-

chaser would be liable to pay, which representations so made were false, and did prevent others from so bidding;" that said sale and deed are also invalid for the reason that " said real estate was and is of the value of five thousand dollars, and that nine acres of the same would have been sufficient to have paid said executions if the same had been offered at said sale in parcels of that amount, which the said sheriff failed to do ; that at the time the said sheriff levied on said land, " she" (the appellant) " turned out to him nine acres of land out of the northwest corner of said tract, then owned by her, which was worth $400—sufficient to pay said debt, interest and costs, and divisible from said other tract without damage to the whole tract; that said sheriff informed her that he would first levy upon and sell said nine-acre tract, and not levy on the residue of said land ;" that she supposed and believed that said sheriff had levied upon and sold said nine-acre tract in satisfaction of said writs, and she did not know that any other land had been sold until the year of redemption had expired, and had she known that said land was sold she would have commenced her suit within the year of redemption.

The second paragraph alleged, in substance, that the appellant owned the undivided one-half of said land, and that said sheriff sold it upon the writs described in the first paragraph, for the sum due thereon ; that her interest therein was then, and is now, worth $5,000, and that the appellee, " for the purpose of preventing other persons who were present at the sale from bidding for said land, falsely represented that said land was encumbered equal to its full value, which representations were false, and prevented said other persons from so bidding by reason thereof; the said interest of plaintiff sold for but the sum of $200, when the same was well worth the said sum of $5,000 ;" that the appellant's " undivided interest in said lands so sold was, and is, of the value of five thousand dollars, ten acres of which would have been sufficient to have paid the amount due on said executions if the same had

been so offered, which was not done, but the whole undivided interest sold without offering in smaller quantities;" that "there was not at the time of said sale any note, contract or memorandum in writing signed by the said sheriff and defendant, or either of them, nor was the purchase-money, or any part, paid at the time and place where said sale was made;" that appellee afterwards caused partition of said premises to be made with appellant's co-tenant, and that appellant did not learn that said sale had been so wrongfully made until more than three years afterwards, etc.

It will be observed that the first paragraph of the complaint fails to aver that the land was sold for less than its alleged value, and hence the averments as to the appellee's misconduct in preventing bidding at the sale adds nothing to the other averments. *Abbey* v. *Dewey*, 25 Pa. St. 413.

If the land was sold for its full value, the only thing of which the appellant can complain is that more land was sold than was necessary. The statute provides that "no more of any real estate shall be offered for sale than shall be necessary to satisfy the execution, unless the same is not susceptible of division." 2 R. S. 1876, p. 217, section 466.

Where the land levied upon consists of a single parcel, as this does, for aught that is averred, its division rests largely in the discretion of the officer, and where it does not appear that this discretion has been abused, the sale will not be disturbed on this ground. *Wright* v. *Yetts*, 30 Ind. 185; *Bardeus* v. *Huber*, 45 Ind. 235.

The facts which show that the parcel is susceptible of division without injury to the whole, and that a portion could have been sold for a sum sufficient to satisfy the writ, must be averred in order to show such abuse of discretion. The naked averment of the pleader, that the parcel was susceptible of division, is not enough to show any abuse of discretion; such an averment is rather the averment of a conclusion than a statement of the facts upon which the sheriff acted in deciding to sell the whole rather than a part.

It is also averred that the appellant turned out nine acres,. which was of sufficient value to satisfy these writs; but it is not averred that the sheriff did not first offer the tract so designated. If so, this was all his duty required him to do, and the fact that it was not sold will not, of itself, vitiate a sale of the entire parcel.

The first paragraph, for these reasons, was insufficient, and the demurrer properly sustained.

The averments in the second paragraph, as to the false representations made by the appellee whereby others were deterred from bidding, were sufficient to vitiate the sale. *Bunts* v. *Cole,* 7 Blackf. 265 (41 Am. Dec. 226); *Vantrees* v. *Hyatt,.* 5 Ind. 487; *Gilbert* v. *Carter,* 10 Ind. 16.

The appellee, however, insists that as the action was not brought until after the year for redemption had expired, the appellant must be deemed to have acquiesced in the sale, and relies in support of this position upon the case of *Nelson* v. *Bronnenburg,* 81 Ind. 193. That case does not decide the question here involved; it simply decides that where land is sold *in solido* instead of in parcels, an application to set aside the sale must be made within the year of redemption. The reason given is that the mode of making the sale is a mere irregularity that the party may waive, and if he does not make his application within such time, he will be deemed to have acquiesced in it. All the cases hold that such application must be made within a reasonable time, and some of them,. notably in Wisconsin, within the period of redemption. None of them, however, apply such rule to a case of fraud, and all of them except such cases from its operation. In many cases such sales are deemed absolutely void; while in others they are deemed voidable only. Freeman Ex., section 297, and authorities cited. As the rights of third parties had not intervened, we need not determine whether it is one or the other, as the result must be the same however it may be regarded. No case holds that an action for such cause must be brought within such period, and we know of no rule of law

that requires it. No other action for fraud is thus limited, but all may be brought, so far as we know, within the period fixed by the statute of limitations. As no reason occurs to us why this case does not fall within the general rule, we conclude that it does, and, therefore, conclude that the fact that this suit, for this cause, was not commenced within the year of redemption, does not bar the action. The judgment should, therefore, be reversed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things reversed, at the appellee's costs, with instruction to overrule the demurrer to the second paragraph of the complaint.

Filed Sept. 25, 1884.