## Fralich *v.* Barlow.

[No. 2,880. Filed October 23, 1900.]

MUNICIPAL CORPORATIONS.—*Proceedings of Council.—Members' Present.—Passage of Ordinance.— Vote.—Street Improvements.*—In a proceeding to collect a street improvement assessment, the record of the proceedings of the common council shows that at the time the ordinance was passed, six members were present, presided over by the mayor, and the ordinance was adopted by a unanimous vote. At the next meeting of the council, when bids were received, the record shows that six councilmen were present, and does not show that any were absent. At a subsequent meeting when a final estimate was ordered, the record shows that five members were present and one absent. At other meetings when the street improvement was considered, the record shows that the six councilmen were present or one of them absent, and no other councilmen

Fralich *v.* Barlow.

are mentioned as being present or absent. *Held*, that the record conclusively shows that the city council was composed of six members, and that the ordinance was passed by a two-thirds vote of all the members of the council. *pp. 386, 387.*

MUNICIPAL CORPORATIONS.—*Street Improvements.—Collection of Assessments.—Complaint.—Precept.—Partial Estimate.*—A complaint by precept to enforce the collection of a street improvement assessment is not bad for failing to show that the work was completed, since under §3627 Burns 1894, partial estimates may be made and enforced. *pp. 387, 388.*

SAME—*Street Improvements.—Plans and Specifications.—Complaint.* A complaint for the collection of a street improvement assessment is not bad for failure to show that the council adopted the plans and specifications for the improvement, where the ordinance provides for the plans and specifications, and fully describes the character and nature of the improvements. *p. 389.*

SAME.—*Street Improvements.—Collection of Assessments.—Evidence. —Record of Proceedings.*—The record of the common council relative to a street improvement from the passage of the ordinance to and including the final estimate of the engineer is admissible in evidence in an action to enforce the collection of a street improvement assessment. *p. 389.*

SAME.—*Street Improvements.—Collection of Assessments.—Evidence. Harmless Error.*—In an action for the collection of a street improvement assessment the admission in evidence of the record entry of the council, showing an allowance and order of payment to the contractor for the city's portion of the cost of the improvement, was harmless error. *p. 389.*

SAME.—*Street Improvements.—Collection of Assessments.—Evidence. —Compromise and Settlement.*—In an action to enforce a street improvement assessment the testimony of another property owner along the street improved relative to a statement made to him by the contractor in regard to the completion of the improvement made in connection with a compromise and settlement between such parties, was properly rejected. *p. 390.*

SAME.—*Street Improvements.—Collection of Assessments.—Evidence. —Civil Engineer.—Expert Testimony.*—The evidence of the civil engineer relative to the manner in which a street improvement was made, was admissible in an action to enforce an assessment lien. *p.390.*

JUDGMENTS.—*Corrections.*—Where a judgment for the collection of a street improvement assessment included the interest thereon to the date of the rendition of the judgment, and the clerk entered the same making it bear interest from the date of approval of final estimate, such error cannot be reviewed in a motion for a new trial, but should have been presented by motion to modify the judgment. *pp. 390, 391.*

From the Tipton Circuit Court.  *Affirmed.*

*W. R. Oglebay* and *J. L. Oglebay,* for appellant.

*G. H. Gifford, J. R. Coleman* and *R. B. Beauchamp,* for appellee.

WILEY, J.—This was a proceeding by precept to collect an assessment for a street improvement.  When the precept was issued and delivered to the treasurer of the city, appellant, who was defendant below, appealed to the circuit court. The case was put at issue by answer and reply, and tried by the court, resulting in a finding and judgment for appellee. Motion for a new trial overruled.

Appellant's motion to strike out parts of the transcript (complaint), his demurrer to the transcript, and his motion for a new trial were each, respectively, overruled, and such rulings are challenged by the assignment of errors.

The transcript shows that the common council of the city of Tipton passed an ordinance providing for the improvement of a certain street; that at the meeting of the council at which the ordinance was passed six members of the council were present, all of whom voted for the passage of the ordinance; that the city engineer was instructed to advertise for sealed bids for the construction of the improvement; that at a subsequent meeting of the council the bids were opened and read; that the construction and improvement of the street was awarded to appellee; that a contract was made with him to do the work; that he gave bond to the approval of the council; that he entered upon the work of improvement; that the city engineer was directed to prepare a final estimate of the work; that he did so, and made report thereof; that said report was approved, and that the assessments were confirmed, and that the assessment against the property of appellant was fixed at a designated sum.  The ordinance was introduced in the common council June 19, 1888, and the various steps taken as above indicated followed in their order.  The approval and accept-

ance of the final estimate as shown by the precept were on December 4, 1888. On April 18, 1893, the common council made a *nunc pro tunc* entry so that the record might affirmatively, and in explicit terms, show that two-thirds of the common council voted for said ordinance on its original passage. These facts are all shown by the precept.

It is well to remark before entering upon a discussion of the questions discussed that the improvement was made under the provisions of §§3162, 3163, 3164 R. S. 1881, and the lien created by the assessments was sought to be enforced by §3165 R. S. 1881.

The first objection urged to the transcript, or complaint, as we will designate it in this opinion, is that it does not show that the ordinance was passed by a two-thirds vote of the common council. Appellee insists that this fact does affirmatively appear from the record, and, also, that if it does not appear from the original proceedings of the council, the defect was cured by the *nunc pro tunc* entry.

An examination of the original record or proceedings of the common council convinces us that it does affirmatively appear that two-thirds of the members of the common council voted for the passage of the ordinance. At the meeting of the council when the ordinance was passed, it is shown that six councilmen were present and that the meeting was presided over by the mayor. The following entry was made: "And now on motion the said ordinance is placed upon its final passage and adoption." "Councilmen. G. W. Boyer votes aye; J. A. Gleason votes aye; E. B. Martindale votes aye; S. J. Porter votes aye; Henry Lane votes aye; and F. M. Hancock votes aye, the vote being unanimous, said ordinance is unanimously adopted."

At the next regular meeting of the council, when the bids for the construction of the improvement were opened and the work awarded, the record shows that the mayor and the same six councilmen were present. The record does not show that any of the councilmen were absent. At the next

Fralich v. Barlow.

meeting the roll call shows that five councilmen were present, and one absent. At a subsequent meeting, to wit, October 2, 1888, the roll call showed five members present and one absent. At this meeting the city engineer was ordered to make a final estimate of the work. At the meeting of December 4, 1888, the roll call showed five members present and one absent, at which meeting the final estimate of the city engineer was approved, etc. At the next meeting, December 18, 1888, the record shows that five councilmen, naming them, were present, and one councilman, naming him, was absent. At all the meetings of the council, at which the matter of improving the street in question was considered, the record shows that the same six councilmen were either present or one of them absent; no other councilmen are mentioned as being present or absent. We think, therefore, that the record shows conclusively that at the time the ordinance was passed and the various steps taken with reference to the improvement, the common council of the city of Tipton consisted of six members, and as the record shows that the ordinance providing for the improvement was passed by a unanimous vote of the council, and that six members were present, it is a sufficient answer to the position assumed by the appellant that it does not show that the ordinance passed by a two-thirds vote of all the members of the council. This conclusion renders it unnecessary for us to consider the question as to the right of the common council subsequently to make a *nunc pro tunc* entry reciting that more than two-thirds of all the common council voted for said ordinance, etc.

Another objection urged to the complaint is that it does not show the work was completed. We think a fair interpretation of the complaint is against this objection. But whether we are right in this conclusion or not can not avail appellant. The estimate made by the engineer is either a final or a partial estimate, and in either event. the lien created thereby is binding and may be enforced.

By virtue of §3627 Burns 1894, §3164 R. S. 1881, the common council had the power to cause estimates to be made from time to time, and to require the same to be paid to the contractor; and the statute makes such assessments liens, etc.

In the case of *Bozarth* v. *McGillicuddy,* 19 Ind. App. 26, objection was made to the complaint that it did not aver that the work was done according to contract. The court, by Comstock, J., said: "The first objection urged by the appellant to the complaint is that it contains no allegation that the work was done according to contract, nor does it set out a copy of the contract. While the complaint does not, in words, aver that the work was done according to contract, it does aver that the contract was let, after the council had duly advertised for bids, to the lowest bidder, and that thereafter, to wit, on the 8th day of September, 1893, the common council ordered the engineer to make estimates of the work done on Napoleon street, and said engineer did make report and estimates in accordance with law for said work done on Napoleon street, and reported the same to the common council, and that said report was accepted; that the common council adopted the order or resolution making the assessments as reported by the engineer, etc."

The complaint does not, in express terms, aver that the work had been completed, but it shows that the exact amount of gravel provided by the ordinance was spread upon the street, and the common council ordered that a final estimate be made. It is not to be presumed that such order would have been made with the improvement in an unfinished condition. It will be presumed that the engineer and common council, nothing appearing to the contrary, did their duty, and that the estimates and assessments would not have been made unless the contract had been performed. There is nothing appearing in the record to indicate that the common council did not do its duty. This case upon the question is very similar to the Bozarth-McGillicuddy case, *supra,* and we refer to that case without further comment.

Counsel for appellant urge also that the complaint is defective because it does not show that the common council did not adopt the plans and specifications for the improvement. This objection is not well grounded for the reason that the ordinance specifically provides for the plans and specifications and fully describes the character and the nature of the improvement.

There are twenty reasons assigned in the motion for a new trial. The first five reasons for a new trial rest upon the action of the court in admitting in evidence over appellant's objections the various parts of the record of the common council from the passage of the ordinance down to and including the final estimate of the engineer. These proceedings were the basis of appellee's cause of action, and there was no error in admitting them in evidence.

The sixth reason for a new trial was for alleged error in admitting in evidence the record entry of the common council showing an allowance and an order of payment to the contractor for the city's portion of the cost of the improvement, and the seventh for the overruling of appellant's motion to strike out such evidence. This evidence was not essential to establish appellant's right to recover, and if we concede that it was error to admit it, it was harmless error. It could not have prejudiced appellant, and harmless error is not a ground for reversal. The eighth reason for a new trial was the action of the court in admitting in evidence the record of the proceedings containing the notice for bids for the improvement. This was competent evidence, for it was one of the steps in proceedings of that character required by statute. There was no error in admitting it.

In the ninth reason for a new trial appellant alleges that the court erred in admitting in evidence the *nunc pro tunc* entry of the common council, to which we have above referred. As we have stated, this *nunc pro tunc* entry was unnecessary, and hence it could not aid appellee in his right to recover. Neither could it harm appellant.

The tenth and eleventh reasons for a new trial are alleged errors of the court in admitting in evidence the affidavit and order for the precept and the precept itself. The record shows these were in strict conformity to the statute, and hence there was no error in admitting them.

By the thirteenth reason for a new trial, appellant contends that the court erred in refusing to allow one Langman to testify to a statement alleged to have been made to him by appellee in regard to the completion of the street after the final estimate was made. It is shown by the evidence that Langman owned real estate abutting on the street improved, and he and appellee had met for the purpose of making a compromise and settlement of the amount due appellee on the assessment, and that the statement made by the appellee to Langman was made in connection with such compromise and settlement. Under the rule in this State, the statement was properly excluded.

The fourteenth, fifteenth, sixteenth, and seventeenth reasons for a new trial relate to the admission of certain evidence of one Huron, in regard to the manner in which the street was improved under the ordinance and contract, etc. Huron was the civil engineer at the time the work was done, and had charge of it. The questions were propounded to him as an expert, and related to the manner in which the work was done, and, we think, were proper.

The nineteenth and twentieth reasons for a new trial are that the decision of the court is not sustained by sufficient evidence and is contrary to law. A careful examination of the whole record shows that there is ample evidence to sustain the decision of the trial court, and that it is not contrary to law.

The eighteenth reason for a new trial is that the amount of recovery is erroneous, being too large. The precept shows that there was assessed against appellant's lot the sum of $54.94, with six per cent. interest from December 4, 1888, when the final estimate was approved. Interest at

six per cent. from that date to the date of the finding, to wit, October 2, 1897, $28.94. This, added to the original assessment, makes $83.88, the amount of the finding, and for which judgment was rendered. The question which appellant by this reason for a new trial seeks to raise is not presented in a manner that we can take notice of it. The finding of the court was for $83.88, being the exact amount then due. The judgment follows the finding, but in entering it the clerk wrote it so as to make it bear interest from December 4, 1888, when the final estimate was approved and the assessment confirmed.

A motion for a new trial goes to the verdict of the jury or the finding of the court, and not to the judgment. A proper way to present this question would have been by a motion to modify the judgment. This has not been done, and hence the question is not before us for decision. There is no error in the judgment, and it is affirmed.