## INDIANAPOLIS SOUTHERN RAILROAD COMPANY *v.* SHEA.

[No. 6,860.    Filed January 5, 1910.    Rehearing denied March 29, 1910.]

1. EMINENT DOMAIN.—*Railroads.*—*Damages to Frontagers.*—*Complaint.*—A complaint by the owner of a lot fronting upon a street over which defendant railroad company had constructed its track, alleging that the use of the street by such company totally destroyed the value of his house as a residence and "depreciated the value of said property" in the sum of $5,000, shows that the market value of plaintiff's property was depreciated.   p. 610.

2. EMINENT DOMAIN.—*Railroads.*—*Construction with Consent of Frontager.*—*Damages.*—*Answer.*—An answer alleging that the de-

fendant railroad company constructed its track upon the street in front of plaintiff's lot, and that he consented thereto, is bad, in an action for the damages caused thereby.  p. 611.

3.  APPEAL.—*Briefs.—Setting Out Excluded Evidence.*—Whether the exclusion of certain evidence at the trial was prejudicial cannot be determined, where the excluded evidence is not set out in appellant's brief.  p. 611.

4.  EMINENT DOMAIN.—*Railroads.—Damages.—Measure of.*—The measure of damages to a frontager whose property abutted the street upon which defendant railroad company had constructed its road, is the difference in value of his property before and after the construction and operation of such road.  p. 611.

5.  EMINENT DOMAIN.— *Damages to Frontagers.— Instructions.—Applicability.*—In an action for damages against a railroad company for constructing its track upon the street in front of plaintiff's property, an instruction that such company can be compelled to construct switches and sidings necessary to accommodate elevators, mills and factories built along the line thereof, is not applicable.  p. 612.

6.  WITNESSES.— *Cross-Examination.— Collateral Questions.— Eminent Domain.—Damages.*—In an action against a railroad company for damages caused by constructing its road in front of the plaintiff's property, the trial court's refusal to permit a witness on cross-examination to be interrogated concerning the value theretofore by him placed on other property, does not show an abuse of discretion.  p. 612.

From Marion Circuit Court (15,574) ; *Henry Clay Allen,* Judge.

Action by John Shea against the Indianapolis Southern Railroad Company.  From a judgment for plaintiff, defendant appeals.  *Affirmed.*

*James E. Kepperly, Edgar A. Brown, Francis M. Springer, Blewitt Lee* and *J. M. Dickinson,* for appellant.

*Hefron & Harrington* and *John W. Kern,* for appellee.

RABB, P. J.—The appellant is a railroad corporation owning a line of railroad entering the city of Indianapolis.  It procured a franchise from said city, authorizing it to construct its railroad over and along McGill street in said city. It built its road over said street without acquiring the right

of way from the abutting real estate owners. Appellee owned a residence and business property abutting on said street over which appellant's road was built.

This was a common-law action brought by appellee to recover damages alleged to have been sustained by reason of injury to his said property, caused by the construction of said road over said street. Appellant's demurrer to the complaint was overruled. An answer was filed consisting of several paragraphs. Appellee's demurrer to the second paragraph of answer was sustained. The cause was put at issue, submitted to a jury for trial, verdict returned in appellee's favor, appellant's motion for a new trial overruled, and judgment rendered on the verdict.

Appellant's assignment of errors calls in question the ruling of the court below on the demurrer to the complaint, the demurrer to the second paragraph of answer, and

1. appellant's motion for a new trial. The objection urged against the complaint is that it fails to show by proper averments that appellee's property has been damaged by the construction of appellant's road. The averment in this respect shows that appellee had erected a dwelling-house upon his said property at the expense of $5,000, which he occupied as a family residence, and that the use of the street by appellant for its railway totally destroyed the value of the house as a residence, and "depreciated the value of said property" in the sum of $5,000. Appellant contends that it thus appears that the property is only damaged for residence purposes, and that it does not affirmatively appear that its market value is affected by the construction of appellant's road. The complaint is clearly not susceptible of the construction appellant contends for. The direct averment that the value of the property is depreciated $5,000 can be understood only to mean its market value, the only value, when used in that connection, recognized by the law.

The second paragraph of appellant's answer avers that appellant's road was constructed along said street with the

knowledge and consent of appellee. This fact was not a bar to appellee's right to recover damages for the injury done to his property. *Porter* v. *Midland R. Co.* (1890), 125 Ind. 476; *Indiana, etc., R. Co.* v. *Allen* (1888), 113 Ind. 308, 3 Am. St. 650; *Indiana, etc., R. Co.* v. *Allen* (1888), 113 Ind. 581; *Indiana, etc., R. Co.* v. *Eberley* (1887), 110 Ind. 542, 59 Am. Rep. 225; *Chicago, etc., R. Co.* v. *Hall* (1893), 135 Ind. 91, 23 L. R. A. 231; *Pittsburgh, etc., R. Co.* v. *Harper* (1895), 11 Ind. App. 481.

On the trial of the case, appellant's witness Glenn testified as to the practicability of constructing a switch or sidetrack to connect appellant's railroad with appellee's property. This testimony, upon appellee's motion, was, over appellant's objection, stricken out. Neither a verbatim copy, nor the substance of the testimony of the witness that was so stricken out, is set out in appellant's brief, as is required by the rules of this court, and we are not able to say from its presentation to us whether the ruling of the court was right or wrong, or whether harmful or otherwise to appellant.

It appears from the evidence that appellant laid its track along McGill street in December, 1905, but that its road was not completed nor were cars run over it until July, 1906. Numerous witnesses were examined by appellee, who, without objection, testified to their opinion of the value of appellee's property before the railroad was constructed and its value after the road was constructed and cars were run over it. After this testimony had been thus admitted without objection, appellee was permitted, over appellant's objection, to give his opinion upon the state of facts, and this is complained of as a ground for reversal. No error intervened in this action of the court. The measure of appellee's damage was the difference in the market value of his property caused by the construction of appellant's road, and the road was not constructed until its parts were connected so that cars could be run over it. Proof of the

market value of the property immediately before the commencement of the construction of the road and its market value after its completion and operation tended to show how its market value had been affected by the construction of the road, and if the evidence tended in any degree, however small, to establish the fact, it was competent.

Appellant requested the court to instruct the jury as follows: "I instruct you that under the laws of the State of Indiana, and of the United States of America, a common carrier can be compelled to connect with its lines, when the same can be done with safety and is reasonably necessary, all siding, switch, spur or turn-out tracks necessary to accommodate the business of any elevator, mill, factory or any other industry or enterprise that is now or may hereafter be constructed abutting the line of such carrier." The instruction asked for was properly refused. It could have no application to the evidence in the case. The jury was correctly instructed as to the rule it should apply in estimating damages.

Appellee's witness Welch was asked, on cross-examination, as to certain property owned by one Dugan, in reference to the value of which witness had on some former occasion testified. Appellee's objection to this question was sustained. No reversible error can be predicated upon a ruling of this character. It was within the discretion of the trial court as to what limits should be placed upon the cross-examination of witnesses, and we cannot say in this case that there was an abuse of discretion. The same rule is applicable to certain questions asked appellant's witnesses upon cross-examination, which they were required to answer, and which ruling is complained of.

We find no reversible error in the record. Judgment of the court below affirmed.