# BALTIMORE AND OHIO SOUTHWESTERN RAILROAD COMPANY *v.* McCORD.

### [No. 8,310.    Filed June 2, 1914.]

1. APPEAL.—*Waiver of Error.—Briefs.*—Error assigned on the overruling of the demurrer to a complaint is waived by appellant's failure to set out the complaint, or indicate its infirmities, in its breifs.    p. 383.

2. APPEAL.—*Questions Reviewable.—Instructions.—Failure to Reserve Exceptions.*—Even if properly in the record, instructions objected to cannot be considered on appeal where the record discloses no exceptions reserved below to the giving of same.    p. 383.

3. APPEAL.—*Briefs.—Statement of Evidence.—Excluded Evidence.* —Where appellant urges error in the exclusion of offered evidence in the trial court, strict compliance with Rule 22, clause 5, requires that such offered evidence or its substance should be set out in appellant's brief in the statement of the evidence.    p. 384.

4. APPEAL.—*Review.—Exclusion of Evidence.*—In an action against a railroad company for personal injuries, the trial court properly refused the admission of evidence purporting to be a statement made by plaintiff to the witness, who was defendant's general

claim agent, as to the amount plaintiff thought he ought to have, where prior examination of the witness by the court developed the fact that the offered statement was not made as an admitted fact, but was made with a view to the adjustment of the claim without litigation. p. 384.

From Lawrence Circuit Court; *Joseph H. Shea,* Judge.

Action by Mason H. McCord against the Baltimore and Ohio Southwestern Railroad · Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*W. R. Gardiner, C. K. Tharp, C. G. Gardiner* and *R. N. Palmer,* for appellant.

*Brooks & Brooks,* for appellee.

HOTTEL, J.—Appellee was being carried as a mail clerk on one of appellant's train when it collided with another train. He brought this action to recover damages for injuries alleged to have been received by him as a result of such collision. From a judgment in appellee's favor in the sum of $1,000, appellant appeals, and assigns as error the overruling of its demurrer to the complaint and the overruling of its motion for a new trial. The com-

1. plaint is not set out, nor its infirmities indicated in appellant's brief, and hence the ruling on the demurrer thereto is waived.

The grounds of the motion for a new trial urged as presenting reversible error relate to the giving of certain instructions and the exclusion of evidence. It is difficult to determine just what course appellant intended to pur-

2. sue to bring the instructions into the record. They are not brought in by bill of exceptions or by order of court, and it is doubtful whether the record sufficiently shows that they were filed "at the close of the instructions to the jury" as required by §561 Burns 1914, Acts 1907 p. 652; but, conceding without deciding that such instructions are a part of the record, there is no proper exception taken to the giving of any of them. There is no record entry showing that such exceptions had been taken orally and en-

tered of record, and the memorandum which appears at the close of such instructions is not dated as required by §561, *supra.* It follows that reversible error can not be predicated on the giving of any of such instructions. §561 Burns 1914, Acts 1907 p. 652; *Retsek* v. *Harbart* (1911), 176 Ind. 441, 96 N. E. 386; *Petrie* v. *Ludwig* (1908), 41 Ind. App. 310, 83 N. E. 770.

It is insisted by appellee that appellant has deprived itself of a consideration of the court's ruling excluding evidence because of its failure to include in its statement of the evidence such offered evidence or its substance. In this respect appellant has not strictly complied with clause 5, Rule 22 of this court, and the construction placed thereon by this and the Supreme Court. *Vandalia, etc., R. Co.* v. *Keys* (1910), 46 Ind. App. 353, 369, 91 N. E. 173; *Indianapolis, etc., R. Co.* v. *Shea* (1910), 45 Ind. App. 608, 611, 90 N. E. 329; *Dillon* v. *State* (1911), 48 Ind. App. 495, 96 N. E. 171; *Stauffer* v. *Hulwick* (1911), 176 Ind. 410, 414, 96 N. E. 154. However, in its motion for a new trial, set out in its brief, it attempts to set out the question, and the offered evidence and in setting out the evidence in its brief it refers to the page of the record where such question and offered evidence will be found. Assuming, without deciding, that this is a substantial compliance with the rule, *supra,* we think there are other reasons why no reversible error is presented by such ruling. The form of question as set out in the motion for a new trial and as shown by the record was objectionable. The offered testimony purported to be a statement made by appellee to the witness, who was appellant's general claim agent, as to the amount he, appellee, thought he ought to have, etc., and before excluding the offered evidence, the court, by a question propounded to the witness, developed that such statement was made to the witness at his office in Cincinnati on an occasion when the appellee was there ''with a view of making a settlement

of his claim''. The answer to this question indicated that the offered statement was made not as an admitted fact, but was made with a view of adjusting appellee's claim against appellant and as opening the way to its compromise and settlement to avoid litigation, and hence was properly excluded. *Louisville, etc., R. Co.* v. *Wright* (1888), 115 Ind. 378, 391, 16 N. E. 145, 17 N. E. 584, 7 Am. St. 432; *Binford* v. *Young* (1888), 115 Ind. 174, 176, 16 N. E. 142; *Indianapolis, etc., Traction Co.* v. *Dunn* (1906), 37 Ind. App. 248, 254, 76 N. E. 269; *Halstead* v. *Coen* (1903), 31 Ind. App. 302, 307, 67 N. E. 957; *Fralich* v. *Barlow* (1900), 25 Ind. App. 383, 390, 58 N. E. 271; *Dailey* v. *Coons* (1878), 64 Ind. 545, 547; *Cates* v. *Kellogg* (1857), 9 Ind. 506; *Board, etc.* v. *Verbarg* (1878), 63 Ind. 107, 111; *Home Ins. Co.* v. *Baltimore Warehouse Co.* (1876), 93 U. S. 527, 23 L. Ed. 868.

Appellant's brief presents no reversible error and the judgment below is affirmed.

Felt, C. J., Ibach, P. J., Lairy and Caldwell, JJ., concur. Shea, J., not participating.

Note.—Reported in 105 N. E. 516. As to how to secure for review errors of trial court in giving or refusing instructions, see 99 Am. Dec. 118. See, also, under (1) 3 Cyc. 388; (2) 2 Cyc. 1049; (3) 2 Cyc. 1015; (4) 8 Cyc. 538.