WILT
v.
BIRD.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*A. Ingram* and *R. Jones*, for the plaintiff.

*Z. Baird*, for the defendants.

---

WILT, Administrator, *v.* BIRD, Administrator.

In an action at law, evidence of the state of unsettled partnership accounts between the parties is inadmissible.

An entry, made by one of the parties to a suit in an account-book, cannot be proved by parol without accounting for the absence of the book.

An offer, concession, or admission, made in the course of an ineffectual treaty of compromise, and constituting, in itself, the point yielded for the sake of peace, and not because it was just or true, is not competent evidence against the party making it; but the law is otherwise with regard to an independent fact admitted to be true, but not constituting such yielded point.

If the plaintiff confess the plea of *plene administravit*, a judgment in his favour should be of assets *quando acciderint*.

*Wednesday,*
*November 27.*

ERROR to the *Huntington* Circuit Court.

DEWEY, J.—Assumpsit by the administrator of *Sherdon* against the administrator of *Brady*, on promises between

their intestates, for money had and received, money paid, and for work and labour. Pleas, 1. The general issue, with an agreement of the parties to admit under it all defences, except that of *plene administravit;* 2. *Plene administravit.* Replication to the latter plea admitting its truth, and praying judgment *quando acciderint.* Verdict for the plaintiff. Judgment against the defendant to be levied of the goods of his intestate remaining in his hands unadministered.

The plaintiff's testimony being closed, the defendant proved by one *Murray,* who had been an administrator of *Brady* before the appointment of the defendant, that soon after *Brady's* death, the witness had a conversation with *Sherdon,* who told the witness that he, *Sherdon,* had done work for *Brady,* for which the latter had paid him, on settlement, 400 dollars, which sum he had deposited in *Brady's* hands; that the sum, so deposited with *Brady,* "was all the capital which he, *Sherdon,* had to commence work with," in a partnership job subsequently undertaken by him and *Brady* on the canal near *Fort Wayne;* and that *Brady's* capital in the copartnership was 1,900 dollars. The witness further stated, that the partnership job was partially done by the partners jointly during *Brady's* life; that after his death the whole concern was surrendered by his administrator to *Sherdon;* that the partnership stock put in by *Brady* was sold by his administrator for 1,600 or 1,800 dollars, and half of the avails paid to *Sherdon;* that, at a time when *Sherdon* and *Brady's* administrator were attempting to settle the partnership accounts, *Sherdon* produced a book, in which was an entry in his handwriting, admitting that *Brady* had put into the joint stock 1,900 dollars. All this testimony was withdrawn from the jury, on the motion of the plaintiff, and against the consent of the defendant, except that part of it which related to the origin and deposit of the 400 dollars with *Brady,* and to the manner in which it was afterwards disposed of. The Court instructed the jury, that if the admission of *Sherdon* made to *Murray* as *Brady's* administrator, was made during an attempt to settle the accounts between *Sherdon* and *Brady,* the object of the attempt being to avoid litigation, the admission was not legal evidence, and must be disregarded by the jury.

Nov. Term, 1844.

WILT
v.
BIRD.

That part of the testimony of *Murray* which was submitted to the jury, was, so far as the record shows, legal evidence. It tended to prove that the count for work and labour could not be supported, and also to show that the money deposited by *Sherdon* with *Brady* had been, with the consent of the former, applied as partnership stock, in which case it was not recoverable in this action. But the residue of *Murray's* testimony was correctly rejected by the Court, because some of it related to the state of the partnership business, and did not form a proper subject of investigation in a suit at law; and because another portion of it disclosed the contents of an account-book, without explaining the absence of the original. Why the Court, in charging the jury as to that part of *Murray's* testimony which was retained, alluded to an attempt at a compromise by *Sherdon* and *Brady's* administrator, we are not informed. The record says nothing about such an attempt at the time *Sherdon* made the admission with regard to the money deposited with *Brady* and the manner of disposing of it. But supposing the admission to have been made under the circumstances alluded to, the charge was incorrect. An offer, concession, or admission, made in the course of an ineffectual treaty of compromise, and constituting, in itself, the point yielded for the sake of peace, and not because it was just or true, is not competent evidence against the party making it; but the law is otherwise with regard to an independent fact admitted to be true, but not constituting such yielded point. Peake's Ev. 19.—*Turner* v. *Railton*, 2 Esp. 474.—*Hartford Br. Co.* v. *Granger et al.* 4 Conn. R. 142.—*Marsh* v. *Gold*, 2 Pick. 285.—*Gerrish* v. *Sweetser*, 4 Pick. 374.—*Sandborn* v. *Neilson*, 4 N. H. Rep. 501. The charge was too broad. It excluded the admission of a fact simply because it was made during an attempt to compromise, without further regard to its nature and object.

There is also a defect in the form of the judgment. The plaintiff confessed the plea of *plene administravit;* the judgment, therefore, should have been for the amount found by the jury to be levied of the goods of the intestate, which might afterwards come to the hands of the defendant to be administered. 2 Tidd's Pr. 1017.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

D. H. Colerick and W. H. Coombs, for the plaintiff.

R. Brackenridge and T. Johnson, for the defendant.