Nov. Term,
1857.

CATES
v.
KELLOGG.

*A. Ellison*, for the appellant.

———————

CATES *v.* KELLOGG

If a party would prefer to pay something, rather than have the trouble and hazard of a lawsuit about a claim which he regards as groundless or excessive, he may offer to do so; and if such offer is refused, it shall not be evidence against him in a subsequent suit upon the same subject-matter, if he objects to its admission; but if, in such attempted settlement, the party admit a fact, the admission is evidence against him in such a suit, unless made, not because the fact is so, but expressly or clearly for the sake of, and as a part of, the compromise.

Every person who repeats a slander, unless upon a justifiable occasion, is liable to an action therefor; and no one can exempt himself from damages by proving that when he repeated the slander he gave the name of its author.

It follows, that the author of the slander can only be liable for the special damages occasioned by his own communication of it.

Nov. Term, 1857.

CATES
v.
KELLOGG.

APPEAL from the *Wayne* Circuit Court.

PERKINS J.—Slander. Judgment below for the plaintiff.

Saturday, November 28.

The complaint was by a physician. The words alleged to have been spoken were not actionable in themselves. They had reference to a charge made by the plaintiff for professional service, and produced, it is alleged, special damages, by causing a loss of employment.

Answer by the defendant in denial, and by special paragraphs.

On the trial the defendant, says the bill of exceptions, "offered to prove by one *William Silvers*, a competent witness, that in the latter part of *June*, 1855, at the request of the defendant, he called on the plaintiff, (both of whom, with himself, were Odd Fellows,) and got them together with a view of devising some means by which the difficulty might be reconciled, so far as the lodge was concerned; that *Cates* told *Kellogg* he had not been able to give any other interpretation to the account presented (to him as one of the overseers of the poor), than that it was sixty-five visits and medicine, at 3 dollars and 25 cents a visit; that *Kellogg* answered that it was only intended to charge 3 dollars and 25 cents for medicine; that *Cates* said if that was the interpretation, he would make a written statement of the fact, to which *Kellogg* agreed; but that they afterwards disagreed, because *Cates* would not be at the expense of printing fifty copies of the statement; that no suit was talked about, and no settlement, further than as above." The evidence was excluded.

The law is well settled, that a party may "buy his peace." If he had rather pay something than experience the trouble of a lawsuit, or take its hazards, he may offer to do so; but such offer shall not be evidence against him, if the attempted compromise fails, in a subsequent suit upon the subject-matter of the abortive adjustment, if he objects to its admission as such. But if, during the attempted settlement, the party admits a fact, as the genu-

ineness of a signature to an instrument, or the correctness of an account, or an item of it, such admission, unless made, not because the fact is so, but expressly or clearly for the sake, and as a part of the compromise, is evidence against him in a subsequent suit. Gresley's Eq. Ev., p. 465.— 1 Greenl. Ev., p. 296.— *Wilt* v. *Bird,* 7 Blackf. 258.

In the case before us, it appears:

1.   That no suit was threatened.

2.   That the parties met almost for the sole purpose of a mutual ascertainment of the facts; and that their statements touching them were frankly made, with a view to that end, and not as conditions of any other act or acts.

3.   That the transaction is offered in evidence by the person subsequently sued, and who sought and offered the compromise, if such it could be called.

We think that what admissions were made, were of fact, because they were facts, and hence, were admissible in evidence.

The Court instructed the jury that—" The plaintiff, if he recovers, can only be allowed for damages occasioned by the words laid in the declaration, spoken by him to the persons whose custom was lost in consequence thereof, or communicated by those to whom they were spoken, until they reached such persons, *Cates* being the author and originator; but *Cates* is not responsible for an injury resulting from the statements of others to whom *Cates* did not make the charge, but who may have seen the bill presented by plaintiff, and who may have understood it as sixty-five visits, at 3 dollars and 25 cents a visit, and made the statement to others."

It is the doctrine of this Court, that every person who repeats a slander, unless upon a justifiable occasion, is liable to an action therefor; and that such person cannot exempt himself from damages in the action by proving that when he repeated the slander he gave the name of the author of it. *Crane et ux.* v. *Douglass,* 2 Blackf. 195, note.— *Clarkson* v. *McCarty,* 5 *id.* 574.—*Jones* v. *Chapman, id.* 88.— *Dunn* v. *Hall,* 1 Ind. R. 344.   Such is becoming the general doctrine, even in *England.*   The Courts there are

denying the soundness of the contrary rule, which they formerly held. See a brief historical review of the question, in 1 Starkie on Slander, 340, note, ed. of 1852.

This being so, the person who originates the slander can only be liable for the special damage occasioned by his own communication of it; otherwise, there might be several different recoveries for the same damage. It follows that that part of the above instruction which authorized damages for loss of the custom of certain persons who heard the words "communicated by those to whom they were spoken, until they reached such persons," was erroneous. Such damages would also be too remote. 2 Starkie, *supra*, 64. For these errors, the judgment must be reversed with costs, and the cause remanded for a new trial.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*J. B. Julian*, *C. H. Test* and *J. M. Wilson*, for the appellant[1].

*O. P. Morton*, *J. F. Kibbey*, *J. S. Newman* and *J. P. Siddall*, for the appellee (2).

---

(1) To the point upon the admissibility of evidence, counsel for the appellant cited 2 Greenl. Ev. s. 275 and notes. To the point arising upon the instructions, they cited 2 Stark. on Slander, 62, 65; 2 Stark. Ev. 466; *Rutherford* v. *Evans*, 4 C. & P. 74; *Ward* v. *Weeks*, 7 Bingh. 211; 2 Greenl. Ev. s. 256. Touching the measure of damages, 2 Greenl. Ev. ss. 253 to 256, and note 2 to s. 253.

(2) To the point arising upon instructions, counsel for the appellee cited *Sewall* v. *Catlin*, 3 Wend. 291; *Vicars* v. *Wilcocks*, 8 East, 1. Touching damages, 1 Wend. 506; 13 *id.* 253; *Herrick* v. *Lapham*, 10 Johns. 283; Sedgw. on Dam. 38, 453, 457, 458, 462, 464, 465.