Dailey *v.* Coons.

---

### DAILEY *v.* COONS.

PARTNERSHIP.—*Implied from Acts or Declarations.*—*Contract.*—One who, by his acts or declarations, creates in the mind of another a reasonable be-

Dailey *v.* Coons.

lief that he and a third person are copartners in a particular business, is liable to the person so believing, on a *bona fide* contract made by the latter with such supposed copartner, as such, in the regular course of such business, although in fact no such partnership existed.

EVIDENCE.—*Proposition to Pay, to Avoid Lawsuit.*—A proposition to pay money, made by a party expressly to avoid a lawsuit, is not competent evidence against him in an action on the same demand.

From the Adams Circuit Court.

*D. Studebaker* and *J. P. Quinn,* for appellant.

BIDDLE, J.—This suit was commenced before a justice of the peace, by the appellee, against the appellant and Jesse Hartzog, as partners under the firm name of " Hartzog & Dailey."

Hartzog was not served before the justice. Service was had on Dailey, who made default, and the justice rendered judgment against him, with costs.

A new trial was granted, and Hartzog appeared to the action. Upon a second trial, the justice found against Hartzog and in favor of Dailey, and rendered judgment accordingly. From this judgment an appeal was taken to the circuit court, wherein a jury trial was had, and a verdict returned against Dailey.

Motion for a new trial ; overruled ; exceptions ; judgment ; appeal.

The cause of action is the alleged sale and delivery of two hogs, by the appellee, to the firm of Hartzog & Dailey, who are averred to be partners ; and the main contest in the evidence was to prove the partnership as alleged.

One of the causes assigned for a new trial is, that the court erred in giving the following instruction to the jury :

" 2. If you believe from the evidence, that said Hartzog and Dailey entered into a copartnership, for the purpose of buying and dealing in hogs, that, at the time it is alleged said hogs were sold, they were in such partnership, engaged

in buying and dealing in hogs, that the plaintiff sold said hogs to said Hartzog and Dailey as copartners, that said Hartzog, at the time he received the hogs, if he did receive and purchase the same, was acting, not in his individual capacity simply, nor for Hartzog & Bro., but for the firm of Hartzog & Dailey, or if you believe, from the evidence, that Hartzog and Dailey did not formally enter into such copartnership for the purpose aforesaid, but that said Dailey so acted as to lead the plaintiff reasonably to believe that he was a member of said firm, as that he allowed his name to be used in connection with that of Hartzog in the business of buying hogs, or in permitting the firm name of Hartzog & Dailey to be signed to any paper, or writing, connected with said business, or if, by any declaration or indication on the part of said Dailey, in the presence or hearing of the plaintiff, the plaintiff reasonably believed that said Dailey was a member of said firm of Hartzog & Dailey, and that he sold and delivered his hogs to Hartzog & Dailey, the said Dailey not being personally present when the hogs were sold and delivered, believing, at the time that he sold and delivered said hogs, that said Dailey was a member of said firm, engaged in the business of buying hogs, then you may find for the plaintiff."

A majority of the court hold this instruction to be proper.

At the trial in the circuit court the appellee was a witness. During his testimony in chief, he stated: "I stopped on my way to Decatur at Dailey's house, and had a conversation with him about the case, and offered to throw off the five dollars and the odd cents, and he refused, and offered to pay half the claim, which I declined." Here the defendant Dailey objected to the evidence of the witness, on the ground that it was a statement of an offer and proposition of settlement, and, as such, not evidence against the defendant, which objection was by the court overruled, to

which ruling of the court the defendant excepted at the time, and the witness was permitted to testify, and said: "Dailey said rather than to have a lawsuit and hard feelings among neighbors, he would pay one-half of my claim. I gave him to understand that I would go to Decatur, and determine whether I would accept the offer, or sue." Whereupon the defendant Dailey moved to strike out the evidence objected to, on the ground that it proved offers and propositions only of settlement, but the court overruled the objection, to which ruling of the court the defendant at the time excepted, and permitted the evidence to remain with the jury.

In the case of *Cates* v. *Kellogg*, 9 Ind. 506, this court says: "The law is well settled, that a party ' may buy his peace.' If he had rather pay something than experience the trouble of a lawsuit, or take its hazards, he may offer to do so; but such offer shall not be evidence against him, if the attempted compromise fails, in a subsequent suit, upon the subject-matter of the abortive adjustment, if he objects to its admission as such."

It seems to us that the case we are considering falls strictly within the rule announced in the case of *Cates* v. *Kellogg*, just cited, and that the court erred in admitting the testimony of Coons touching the offer of compromise, to which the appellant objected.

For this error the judgment is reversed, at the costs of the appellant; cause remanded, with instructions to sustain the motion for a new trial, and for further proceedings.