Percifield *et al. v.* Black.

No. 15,698.

PERCIFIELD ET AL. *v.* BLACK.

CONTRACT.—*Written or Parol.*—*Presumption as to.*—Where an action is brought for the specific performance of a contract for the sale of real estate, and there is no averment that the contract is in writing, it will be presumed that it was a parol contract.

SAME.—*Sale of Real Estate.*—*Parol Contract.*—*Wife can not Constitute Husband her Agent.*—The wife being incapacitated by section 5117, R. S. 1881, to make a parol contract for the sale of her real estate, she can not constitute her husband her agent to make it for her.

ESTOPPEL.—*Married Woman.*—*Contract.*—A wife can not be estopped from denying her capacity to make a contract.

From the Brown Circuit Court.

*F. T. Hord, M. D. Emig* and *R. L. Coffey,* for appellants.

OLDS, J.—This is an action by the appellee against the appellants, who are husband and wife, for the specific performance of a parol contract for the sale of the wife's land.

The complaint alleges that the husband, as the agent of the wife, and having full power to do so, contracted with the appellee for the sale of the wife's land, and that the husband himself joined in the contract; that the agreed price was $412.50. As part payment appellee assumed the payment of a mortgage on the land for $200; that the appellee took possession in pursuance of the contract, repaired the buildings, made fence, put out an orchard, and made other lasting and valuable improvements, with the knowledge and consent of appellants; paid the mortgage, and paid appellants $154; that after receiving the money appellants averred their willingness to convey the land, and appellee made other lasting and valuable improvements, and tendered appellants the balance of the purchase-money, and demanded a conveyance; that appellants refused, and still refuse, to convey; that appellee is now ready and willing to pay any sum the court may find due and order paid in a decree ordering a

conveyance, and offers to bring the money into court, and prays for a judgment and decree ordering the appellants to execute a deed to the appellee for the land, and for all proper relief.

To this complaint a demurrer for want of facts was filed and overruled, and this ruling is assigned as error.

It not being averred that either the authority of the husband or the contract of sale was in writing, it will be presumed that they rested in parol. *Pulse* v. *Miller*, 81 Ind. 190; *Carlisle* v. *Brennan*, 67 Ind. 12; *Langford* v. *Freeman*, 60 Ind. 46.

It is the policy of the law of this State to protect the wife against the sale or encumbrance of her land by her husband, and to protect her land from liability for the debts of the husband.

Section 5116, R. S. 1881, provides that the wife's lands shall not be liable for the debts of her husband, and that the wife shall have no power to encumber or convey her lands except by deed in which her husband shall join.

Section 5117 declares that the wife shall not enter into any executory contract to sell, convey or mortgage her real estate; nor shall she convey or mortgage the same unless her husband join in such contract, conveyance or mortgage; but it provides that she may be bound by estoppel *in pais*, like any other person.

The statute of frauds (section 4904) declares that no action shall be brought upon any contract for the sale of lands unless such contract, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, etc.

It is manifest that section 5117, *supra*, declaring that the wife shall not enter into any executory contract to sell or convey or mortgage her real estate unless her husband joins in such contract, relates to a written contract and that all power to bind herself by contract for the sale or conveyance

or mortgaging her real estate is withheld, except it be by a
written contract in which her husband shall join, and to
bind the wife by an executory contract for the sale of her
real estate, the contract must be such a contract as the law
recognizes as a valid one for the sale of real estate, and such
a one as a suit may be based upon, viz., a written contract
and in such contract her husband must join.    This must
necessarily have been the intention of the legislature, for no
other contract, except a written contract, is recognized as
valid and enforceable for the sale of real estate, and a contract
is referred to in this section in connection with and placed
on the same basis as a deed or mortgage, and it was, as we
think, certainly the intention that to bind the wife by an
executory contract for the sale or incumbrance of her land the
contract, like the conveyance or mortgage, must be in writing,
and her husband must join in the same.

Placing the construction we do upon the statute, it follows
that a parol contract for the sale of the wife's lands is abso-
lutely void, the wife having no authority to make such a
contract; and, being incapacitated to make such a contract her-
self, she could not constitute her husband her agent to make it
for her.   This leaves but the question of estoppel to determine,
and that has heretofore been settled adversely to the appel-
lee by the decisions of this court.   A wife can not be es-
topped from denying her capacity to make a contract.   In
the case of *Cook* v. *Walling*, 117 Ind. 9, in speaking of the
question of an estoppel by a married woman, this court states
the rule clearly, and says :

"When, however, the contract relates to matter concern-
ing which all the common law disabilities continue, so that
the contract is utterly void for want of power or capacity to
make it, the doctrine of estoppel can not be invoked in or-
der to remove the incapacity.   In other words, while a mar-
ried woman may be estopped by affirmative representations
concerning the character of a contract, which, if her repre-
sentations be true, she is notwithstanding her coverture, un-

der no legal disability to make. She can not, by her own act or representation, remove her legal incapacity to make a contract, which coverture alone, under any and all circumstances, disqualifies her from making except in a prescribed way." So in this case, the coverture of Mrs. Percifield incapacitated her from making an executory contract for the sale of her real estate except in the manner prescribed by the statute, viz.: by a written contract, in which her husband joined, and she can not be estopped from setting up the invalidity of the parol contract by reason of her incapacity to make the same. *Long* v. *Crosson,* 119 Ind. 3.

The complaint does not state facts entitling the appellee to the relief asked.

The court erred in overruling the demurrer to the complaint.

Judgment reversed, with instructions to the circuit court to sustain the demurrer to the complaint.

