Bartlett v. Williams.

## BARTLETT v. WILLIAMS ET AL.

[No. 3,757. Filed May 28, 1901. Rehearing denied October 4, 1901. Petition to transfer denied Nov. 22, 1901.]

HUSBAND AND WIFE.—*Executory Contract by Wife for Sale of Real Estate.—Specific Performance.*—An executory contract of a married woman for the sale of her real estate in which her husband does not join is not enforceable.

From Marshall Circuit Court; *Charles Kellison,* Special Judge.

Action by James T. Bartlett against Miranda E. Williams and others for specific performance. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*J. D. McLaren* and *S. Parker,* for appellant.

*J. C. Capron,* for appellees.

ROBINSON, J.—Appellant's complaint avers that appellee is a married woman living in the state of Colorado. In August, 1898, she was the owner and in possession of certain described land in Marshall county, Indiana, on which there was a mortgage for $400; she owned no other property in that county; on August 7, 1898, she addressed to appellant a letter asking him if he would like to buy "the place", or "my place", and if he should, to let her know at once the most he would give; that "the place" meant the lands described; the

parties had some further correspondence in which appellant offered $800 for "the place" free of encumbrances. Appellee then agreed to take $400 in cash, and appellant pay the mortgage, and directed him by letter, if he accepted the offer, to send to her a blank deed and she would have it signed and returned to the First National Bank of Plymouth with instructions to deliver it to him on receipt of $400; this offer appellant accepted by letter, and sent to appellee a deed to be signed and returned to the bank. December 3, 1898, he received from appellee a letter dated the previous day saying he would find his deed at the bank and that he must send to her the $400 in full. December 5, 1898, appellant went to the bank to get the deed and pay the $400, and was informed by the cashier of the bank that the deed was there, but that he had a telegram purporting to be from appellee requesting the bank not to deliver the deed to appellant, to see letter; that two days afterward appellant again went to the bank and, no letter having been received from appellee, he tendered the $400 and demanded the deed, which demand the bank refused, but accepted the $400 as a deposit by appellant as a tender in payment for the deed. It is further averred that appellant is in possession of the land under the purchase. The sufficiency of the complaint as against demurrer is the only question presented.

The complaint is an action for specific performance. It does not proceed upon the theory that appellant is the owner of the land irrespective of his claim to the deed. It is true it is averred that appellant is in possession under the purchase, but no facts are averred showing his right to possession until title passed. The pleading shows that the bank was the agent of appellee. The facts averred do not show a delivery of the deed to appellant nor a delivery of it to the bank for him, but they show a deposit of the deed with the bank to be by it delivered to appellant upon the performance of a stated condition. The facts pleaded do not show that appellee had ever parted with control of the deed. *Freeland* v. *Charnley*, 80 Ind. 132.

The owner of the land was a married woman, and could not enter into an executory contract for the sale of the land unless her husband join in such contract. The only contract consists of the letters between appellant and appellee. The complaint shows that in none of these letters did appellee's husband join. §6962 Burns 1901; *Percifield* v. *Black,* 132 Ind. 384; *McLeod* v. *Aetna Life Ins. Co.,* 107 Ind. 394; *Cook* v. *Walling,* 117 Ind. 9, 10 Am. St. 17.

Judgment affirmed.

It appearing that appellant has departed this life since the submission of this cause, it is ordered that the judgment rendered herein be as of the term when the submission was made.