## Shirk *v.* Stafford.

[No. 4,357.   Filed May 26, 1903.]

Husband and Wife.—*Contract of Wife to Sell Real Estate.—Notes.— Consideration.*—The individual contract of a married woman to sell real estate, and to execute a bond for a deed, is void, and constitutes no consideration for purchase-money notes.  *pp. 249, 250.*

Same.—*Void Contract of Married Woman.*—The contract of a married woman which is void as to her, and incapable of ratification by her, is also void as against the other party thereto.  *p. 250.*

HUSBAND AND WIFE.—*Void Contract of Married Woman to Sell Land.—Liability for Rent.*—One who takes possession of real estate under the void contract of a married woman to sell is liable for rent. *p. 251.*

From Rush Circuit Court; *Douglas Morris*, Judge.

Action by Nannie R. Shirk against Frank M. Stafford. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*J. Q. Thomas, G. H. Gifford* and *G. J. Gifford*, for appellant.

*Reuben Conner* and *Lon Conner*, for appellee.

ROBY, J.—The trial court made a special finding of facts. It appears therefrom that the appellant was at the time of the trial, and had been for twenty-two years prior thereto, a married woman. On January 18, 1897, she was the owner in fee of a tract of land situate in Fayette county and particularly described in the finding. On such day she and the appellee entered into a written contract, in terms as follows: "Connersville, Indiana, January 18, 1897. This contract by and between N. R. Shirk and F. M. Stafford, witnesseth, that said Shirk has this day sold her ninety-acre tract of land, situate in Columbia township, Fayette county, Indiana, to said Stafford, for the sum of $3,000. The conditions of said sale are that said Stafford is to execute his notes for the sum of $200, due February 1, 1897, secured by collateral note of H. M. Broaddus. Two hundred dollars due two years from date, $200 due three years from date, $200 due four years from date, $200 due five years from date, $200 due six years from date, $250 due seven years from date, and $1,350 due eight years from date and all payable on or before date due, and drawing six per cent. interest payable annually. When $1,400 of said purchase money is paid, said Shirk is to execute a warranty deed for said tract and said Stafford to execute a mortgage to secure the balance of purchase money. Said Shirk is to execute a bond for the execution of said deed, pay the taxes falling

due in 1897, and said Stafford to pay all subsequent taxes. It is further agreed that said Shirk, in default of payment of any of said notes at maturity, shall be entitled to one-half the produce of said tract, which is to be held as a lien on said products and applied as payment on said note. It is further agreed that, on failure to pay any of said notes before deed is made, all previous payments shall be deemed as payment on rental for the use of said tract, and said Shirk to be entitled to possession on two months' notice. It is also further agreed that said Stafford shall apply one-half the proceeds of the products of said farm, as soon as realized upon, in discharge of the note due or next coming due; and said Shirk shall have a landlord's lien for the payment of the same."

Appellee executed his notes as agreed therein, and took possession of said land on said day. There was no other consideration for the notes than as above set out. The third and fourth notes of the series are sued upon. Appellee, continued in possession of the land until the fall of 1900, when, without notice, he abandoned it, since which time appellant has repaired some of the fences thereon.

When the action was commenced appellee had in his possession corn worth $154, and wheat worth $100, grown on said land, which he has since sold and converted. The annual rental value of the land during the four years it was held by the appellee was $180. Before the bringing of the suit he paid the first two notes of the series, with accrued interest, $312 on other notes, and $67.53 taxes. Twenty-four dollars interest had been paid on the notes in suit, and there was due and unpaid thereon $450.66. Appellant did not execute any bond, as in the contract stipulated, prior to the commencement of the action; but during its pendency she brought a sufficient bond into court and tendered the same. No demand was made upon her for a bond. Had there been she would have executed such bond. The contract was written by her husband, who signed her

name to the same as her agent.     Upon these facts the court concluded the law to be with appellee.     Appellant excepted to the conclusion and has assigned error thereon.

The pleadings are voluminous, and a statement of them is not necessary to a decision of this appeal upon its merits. Appellee claims that the contract was void, the notes without consideration, and that the rental value of the land, for which he was liable, has been paid.     The appellant claims that the notes were given in consideration, among other things, of an agreement to execute a valid bond, and therefore there was no want, but, at most, a failure of consideration; that possession of the land was delivered; that neither it nor the title conveyed by the wife's contract has been disturbed, and that want of title is no defense to purchase-money notes while the grantee holds undisturbed possession.     A married woman has no power to encumber or convey her lands, except by deed in which her husband shall join.     §6961 Burns 1901; *Luntz* v. *Greve,* 102 Ind. 173; *Cook* v. *Walling,* 117 Ind. 9, 2 L. R. A. 769, 10 Am. St. 17.

Her contract to convey was void, as her deed would have been.     *Percifield* v. *Black,* 132 Ind. 384; *Bartlett* v. *Williams,* 27 Ind. App. 637; *Parks* v. *Barrowman,* 83 Ind. 561.

The contract being void as against her, and incapable of ratification by her, is also void as against the other party to it.     *Columbian Oil Co.* v. *Blake,* 13 Ind. App. 680; *Hickman* v. *Glazebrook,* 18 Ind. 210.

In so far as *Columbian Oil Co.* v. *Blake, supra,* holds that a lease of real estate for the purpose of removing gas and oil therefrom is without the power of a married woman to make, except her husband join with her therein, it is in conflict with *Heal* v. *Niagara Oil Co.,* 150 Ind. 483, and in so far as it is in conflict, it is overruled.     Upon the proposition to which it is cited above its authority is not impaired. It follows from the proposition stated that the invalidity of

Shirk *v.* Stafford.

the contract was available to the appellee, and that such contract did not constitute a consideration for the notes in suit. The clause providing for the execution of a bond for the conveyance of the real estate is an incident to the agreement to sell. The undertaking to secure the performance of which the bond was to be given, was one the appellant could not discharge. The stipulation for such bond is a mere incident to the void contract, and as such falls with it. No bond was in fact executed by the appellant or any other person.

It is established, as contended by appellant, that where a deed for real estate is accepted by the grantee, he taking possession thereunder, he can not defeat the payment of purchase money without showing an eviction, the surrender of possession to the owner of a paramount title, or some inconvenience or expense incurred on account of the defect in the title. *Johnson* v. *Bedwell,* 15 Ind. App. 236; *Black* v. *Thompson,* 136 Ind. 611.

Appellee does not complain of any defect in the title held by appellant or conveyed to him. He did not take possession under a deed of conveyance; he took possession without any deed. Neither the contract executed nor the deed therein stipulated for had any validity. Taking possession of appellant's land he became liable to her for the rental thereof. *Mattox* v. *Hightshue,* 39 Ind. 95; *Forgy* v. *Davenport,* 146 Ind. 399, 403.

This rental value affirmatively appears to have been paid. The title to the land never passed from appellant. Appellee, therefore, never had any title to or interest in it. *Avery* v. *Akins,* 74 Ind. 283, 291; *Otis* v. *Gregory,* 111 Ind. 504, 511.

The contract of a married woman, whereby she becomes surety for another, is not void, but voidable at her election. *Bennett* v. *Mattingly,* 110 Ind. 197; *Plaut* v. *Storey,* 131 Ind. 46; *Lackey* v. *Boruff,* 152 Ind. 371; *Johnson* v. *Jouchert,* 124 Ind. 105, 8 L. R. A. 795.

The use of the word "void" in the statute has led to some inaccuracy of expression, but the distinction between those cases involving the question of suretyship by a married woman and her inability to make a valid deed of her lands, her husband not joining therein, has not at any time been overlooked. The authorities relative to suretyship need not, therefore, be reviewed.

Judgment affirmed.

Black, J., absent. Robinson, C. J., Wiley, Comstock and Henley, JJ., concur.