Halstead v. Coen.

## HALSTEAD v. COEN, ADMINISTRATRIX, ET AL.

[No. 4,460.    Filed June 18, 1903.]

WILLS.—*Construction.* — *Vested Estates.* — *Restraint Upon Alienation.*— Where a testator provided in his will that his real estate should be preserved unsold until his youngest child should arrive at the age of twenty-one years and until the end of that period neither of his devisees should have any power to convey any portion thereof, and that the fee in the land was not conveyed by such will so as to vest the title in the devisees named until the youngest child should arrive at the age of twenty-one years, and at such time two-thirds in value thereof should pass in fee to his children named, share and share alike, and one-third to his wife, during her natural life, and at her death to be partitioned among his children in the same manner as the two-thirds thereof, the fee in the lands, subject to the life estate of the widow, vested in the children at the death of testator, the limiting words constituting a restraint upon its alienation or partition until the youngest living devisee reached the age of twenty-one years. *pp. 303–305.*

PLEADING.—*Parties.*—*Demurrer.*—A complaint, to withstand a demurrer for want of sufficient facts, must state a good cause of action in favor of all the plaintiffs who have joined in bringing the action. *p. 305.*

PARTIES.—*Life Estates.*—*Landlord and Tenant.*—*Action for Waste.*— Testator by the terms of his will gave two-thirds of his lands to his children and one-third to his wife, during her life, and directed that no estate vest until his youngest child should arrive at twenty-one years of age and no partition should be made thereof until such time, giving his executor authority to lease the lands and collect the rents. *Held,* that the widow as administratrix with the will annexed, and as a devisee under the will, and the children of testator as devisees, were proper parties plaintiff in an action against the lessee of the lands for damages to the land and to enjoin the lessee from cutting and selling timber from the land. *pp. 303–307.*

EVIDENCE.—*Compromise and Settlement.*—*Landlord and Tenant.*—A letter written by defendant to plaintiff with a view of settling the controversy between them in regard to the removal of timber from land held by defendant under a lease, that the matter could be fixed up, and that as soon as defendant could procure an itemized list of the wood sold he would show same to plaintiff and pay over all of the money received for the wood, was improperly admitted in evidence in an action by lessor against the lessee for waste. *pp. 307, 308.*

Halstead v. Coen.

From Jasper Circuit Court; *J. S. Lairy*, Special Judge.

Action by Clara Coen, administratrix of the estate of Madison Makeever, deceased, and others, against Everett Halstead. From a judgment for plaintiffs, defendant appeals. *Reversed.*

*Frank Foltz, C. G. Spitler, H. R. Kurrie, C. W. Hanley* and *J. J. Hunt*, for appellant.

*E. P. Honan, B. F. Ferguson* and *J. E. Wilson*, for appellees.

Robinson, C. J.—Madison Makeever died the owner of certain lands and by his will made the following provisions: "Item 1. I direct that all my real estate shall be preserved unsold until my youngest child shall arrive at the age of twenty-one years, and until the end of that period neither of my devisees hereinafter named shall have any power or authority to convey any portion of said real estate, with the privilege of partition. The fee in said land is not conveyed by this will so as to vest the title in the devisees until the youngest living devisee named herein shall have arrived at the age of twenty-one years. Item 2. I further direct that when the youngest legatee hereinafter named shall arrive at the age of twenty-one years the real estate owned by me at the time of my death shall be partitioned as follows: Two-thirds in value shall pass in fee to my children hereinafter named in item three of said will and their descendants. Each of said children in person or by their children shall share and share alike in such division of the two-thirds of such real estate. The one-third in value of such real estate as I may own at my death, when the youngest legatee named in this will shall have arrived at the age of twenty-one years, shall vest in my wife, Clara Makeever, during her natural life, and at her death the same shall be partitioned in the same manner as provided for the two-thirds aforesaid. Item 3. The rents and profits of the real estate derived in items one and two of this will

shall be collected and divided by my executor hereinafter named as follows: Each year from the time of my death until the youngest living devisee named herein shall have arrived at the age of twenty-one years. Said executor shall pay to my wife, Clara Makeever, two-fifths thereof and the remaining three-fifths to be divided equally between my following named children," etc. The remaining part of the will contains certain bequests of personalty, gives directions to the executor as to the disposition to be made of the personal property, and authorizes him "to take possession and rent the real estate of which I may die possessed."

Clara Coen, as administratrix with the will annexed, leased the lands of which the testator died seized to appellant, who entered into possession. The lease provided, among other things, that the lessee would not cut, injure, or remove, nor permit to be cut, injured, or removed, any tree, timber, or wood whatever, existing on the leased land, without the written order of the lessor, and that he would protect the same from trespass, and as far as within his knowledge inform the lessor immediately of all such acts. Appellant having cut, as alleged, and appropriated to his own use a quantity of the growing timber consisting of cordwood, posts and sawlogs, this suit was brought by Clara Coen, administratrix, the children of the testator, and Clara Coen as a devisee under the will, for damages, and for an injunction to restrain appellant, whom it is averred is insolvent, from further cutting and selling the timber. The amended complaint is in one paragraph. Copies of the lease and of the will of Madison Makeever are filed with and made part of the complaint.

Under the rule that the law will construe the terms of a will as creating a vested estate, if possible *(Amos* v. *Amos,* 117 Ind. 37; *Davidson* v. *Bates,* 111 Ind. 391; *Davidson* v. *Koehler,* 76 Ind. 398; *Harris* v. *Carpenter,* 109 Ind. 540; *Heilman* v. *Heilman,* 129 Ind. 59), the will in ques-

tion vests the fee in the lands in the children subject to a life estate in one-third in the widow. While the testator does say that the fee is not conveyed by the will so as to vest the title in the devisees until the youngest living devisee is twenty-one years of age, yet, from the whole instrument, it was manifestly the intention of the testator to prevent the disposition or partition of the lands until the time mentioned. Until that time, he expressly provided the manner in which the rents and profits should be paid to the devisees named in the will. Evidently it was his intention to have the land kept in one body until that time, and the limiting words used should be construed as a restraint upon its alienation or partition until the youngest living devisee reached the age of twenty-one years.

The action is brought by Clara Coen as a devisee under the will, by Clara Coen as administratrix with the will annexed, and the children of the testator as devisees under the will. It is first argued that the demurrer to the complaint should have been sustained because the pleading does not state a cause of action either in Clara Coen in her individual capacity or in her as administratrix. It is well settled that, under a demurrer stating for cause the want of sufficient facts, a party may take advantage of want of sufficient facts as to any one of the plaintiffs. To withstand a demurrer the complaint must state a good cause of action in favor of all the plaintiffs who have joined in bringing the action. *Brown* v. *Critchell,* 110 Ind. 31; *Hyatt* v. *Cochran,* 85 Ind. 231; *Holzman* v. *Hibben,* 100 Ind. 338; *Berkshire* v. *Shultz,* 25 Ind. 523; *Louisville, etc., R. Co.* v. *Lohges,* 6 Ind. App. 288; *Steinke* v. *Bentley,* 6 Ind. App. 663.

The will vested a naked power in the executor, not coupled with an interest. The executor, the administrator with the will annexed, was given possession of the land for a time, with power to rent, and collect the rents and

profits, and distribute the same in a certain manner. Ordinarily an administrator has no rights, as such, in the land of his decedent, who has left heirs or devisees, except to subject the land to the payment of his decedent's debts. But in the case at bar the administratrix was carrying out the terms of the will. It is not questioned that she had the right, by the terms of the will, to make the lease. Having taken possession under the will, she was required to protect and care for the estate, and would necessarily have the right to exact of a lessee reasonable conditions in that regard. If she leased the land, and permitted her lessee to commit waste, she would be liable, for the same reasons that make a tenant for life or for years liable for waste, by whomsoever committed. See *Wood* v. *Griffin,* 46 N. H. 230; *Wade* v. *Malloy,* 16 Hun 226; *Porch* v. *Fries,* 18 N. J. Eq. 204; *Stetson* v. *Day,* 51 Me. 434; *Beers* v. *Beers,* 21 Mich. 464; *Cargill* v. *Sewall,* 19 Me. 288.

Moreover, the administratrix, with the power conferred by the will, occupies a position in the nature of a trustee. She is entitled to the possession of the lands, and authorized to collect the rents and profits, and, together with the beneficiaries named in the will, represents the whole estate in the lands. Although the estate she represents might not, as such, have any interest in the damages recovered, yet she has an interest in restraining the lessee from committing further waste by cutting the growing timber from the premises which the will placed in her possession. See *Lilly* v. *Dunn,* 96 Ind. 220, 224; *Rinker* v. *Bissell,* 90 Ind. 375; §§252, 263 Burns 1901; Perry, Trusts (4th ed.), §§873, 874, 881; Hill, Trustees (4th Am. ed.), *544, *545.

Clara Coen was properly joined as plaintiff in her own right. She has a life estate in the undivided one-third of the land. She is directly interested in preventing a deterioration of the estate. She, having an undivided interest in the whole estate, has a more or less valuable individual

interest as the value of the whole estate is increased or diminished.   Under the facts averred, she is a proper party plaintiff in an action to prevent further waste.   The demurrer to the complaint for want of sufficient facts was properly overruled.

The court submitted certain questions of fact to a jury, but afterwards made a special finding of the facts, with conclusions of law, upon which the judgment and decree are based.   The court, as it might do, disregarded some of the jury's findings.   In such cases, even if the jury had been misled by certain evidence introduced over appellant's objection, the error, if any, would not be prejudicial to appellant.

There is evidence that the parties had some negotiations with a view of settling the matter in controversy, and that afterwards appellant addressed a letter to appellee Coen, stating: "I am certain we can fix up the wood deal satisfactory.   What I am waiting on is this:   I must see the man that bought the posts in Goodland, and all parties that purchased wood of me, and get a correct itemized list of all. I am willing to show you everything complete, and give you all the money I received for the wood and receive no pay for my time.   The facts are that I never received very much for the wood."   This letter was manifestly written for the purpose of bringing about an adjustment of the differences between the parties and avoid litigation.   It contains no admission of any independent fact, but if what it contains about a settlement of matters in controversy between the parties be eliminated there is nothing left. "An offer, concession, or admission," said the court in *Wilt* v. *Bird,* 7 Blackf. 258, "made in the course of an ineffectual treaty of compromise, and constituting, in itself, the point yielded for the sake of peace, and not because it was just or true, is not competent evidence against the party making it; but the law is otherwise with regard to an independent fact admitted to be true, but not con-

stituting such yielded point." It was error to admit this letter in evidence. See *Cates* v. *Kellogg,* 9 Ind. 506; *Binford* v. *Young,* 115 Ind. 174; *Louisville, etc., R. Co.* v. *Wright,* 115 Ind. 378, 7 Am. St. 432; *Home Ins. Co.* v. *Baltimore Warehouse Co.,* 93 U. S. 527, 23 L. Ed. 868; *Dailey* v. *Coons,* 64 Ind. 545.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.