## SMALLWOOD *v.* DUNHAM ET AL.

[No. 6,567. Filed December 15, 1908.]

CONTRACTS.—*Executory.*—*Real Estate.*—*Husband and Wife.*—*Special Findings.*—A special finding that "defendants Mary Dunham and Charles Dunham signed and executed a written contract with Mary C. Meadows, the then owner, by which contract she and her husband, Cornelius Meadows, sold said real estate to Mary Dunham," shows that Cornelius Meadows joined in such contract, and it is therefore valid under §7853 Burns 1908, §5117 R. S. 1881, inhibiting a married woman from entering into a contract for the sale of her real estate without her husband's joining therein.

From Monroe Circuit Court; *James B. Wilson,* Judge.

Action by James B. Smallwood against Mary Dunham and another. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*Duncan & Batman,* for appellant.
*Rufus H. East,* for appellees.

ROBY, J.—Action in ejectment by appellant. Special findings were made and conclusions of law stated thereon, and judgment was rendered for appellees. Appellant excepted to the conclusions of law and assigns error thereon.

The parties claim under Mary C. Meadows. The first eight findings are as follows: (1) In the year ·1891 Mary C. Meadows became the owner and went into the possession of lot seven in Cron's addition to the city of Bloomington, and

in the year 1894 the defendants Mary. Dunham and Charles Dunham signed and executed a written contract with Mary C. Meadows, the then owner, by which contract she and her husband, Cornelius Meadows, sold said real estate to Mary Dunham for the sum of $500; by the terms of the contract the purchase price was to be paid at the rate of $1.05 per week, and when $500 was paid Mary C. Meadows and her husband, Cornelius Meadows, were to execute a deed to said Mary Dunham, said contract further providing that on failure to pay any of said instalments the contract was to be forfeited, and all payments made up to that time should be regarded as rent. (2) Dunham and Dunham went into possession under the contract and have occupied continuously until this time, and have made improvements in the way of grading, paving, fencing, planting fruit trees, papering, painting, repairing, etc. (3) In 1895, Dunham and Dunham being in arrears in their payment of weekly instalments, a suit was instituted before a justice by Cornelius Meadows and a judgment rendered in his favor for the possession of said property and $199 damages; said judgment for possession was not enforced and the money judgment not collected; in June, 1896, said Mary C. Meadows entered into another written contract with the Dunhams by which she sold to them said lot for $400, to be paid in quarterly instalments of $15; when the amount of $400 was paid the said Meadows and Meadows should execute a deed therefor to said Mary Dunham, but if said payments were not made when due the contract of purchase was forfeited, and all amounts paid thereon to be applied as rent. (4) Both contracts are lost. (5) Under the first, and before the execution of the second contract, the Dunhams paid $213; they remained continuously in possession, all the time claiming ownership; they paid $15 quarterly until they had paid $360, making a total paid on said lot of $573. (6) January 16, 1903, Meadows and Meadows conveyed the lot in suit to the plaintiff. (7) Before the commencement of this

suit the plaintiff made a demand for possession, which was refused. (8) At the time of the execution of the before-mentioned contracts Cornelius Meadows was the husband of Mary C. Meadows and her authorized agent, and all the money paid to him was received as agent; after the convey-ance to the plaintiff by Meadows and Meadows, the defend-ants tendered Cornelius Meadows $15, the instalment due, which he refused to accept.

Appellants rely upon the proposition that a married wo-man cannot convey her separate real estate or enter into an executory contract for the sale thereof unless her husband joins therein. §7853 Burns 1908, §5117 R. S. 1881; *Shirk* v. *Stafford* (1903), 31 Ind. App. 247; *Jones* v. *Ewing* (1886), 107 Ind. 313. The proposition is not applicable to the facts found. The finding is that "defendants Mary Dunham and Charles Dunham signed and executed a writ-ten contract with Mary C. Meadows, the then owner, by which contract she and her husband, Cornelius Meadows, sold said real estate to Mary Dunham." This finding does not seem susceptible of any other construction than that the contract was executed by Mrs. Meadows, her husband join-ing therein.

Judgment affirmed.