## KNEPPER ET AL. *v.* EGGIMAN ET AL.

[No. 21,969. Filed January 26, 1912.]

1. PLEADINGS.—*Complaint.—Sufficiency.—Several Plaintiffs.*—The general rule is that a complaint, to withstand a demurrer for want of facts, must state a good cause of action as to all who join in it. p. 60.

2. HUSBAND AND WIFE.—*Actions as to Husband's Real Estate.— Joinder of Wife as Plaintiff.*—In an action for the specific performance of a contract for the conveyance to plaintiff of certain real estate in exchange for his interest in certain other real estate, the wife of the plaintiff is the proper, though not a necessary, party. p. 61.

3. COMPROMISE AND SETTLEMENT.—*Family Settlements.—Conformity to Law.*—Courts will go far to uphold family settlements entered into without fraud, and the compromise and avoiding of litigation are in and of themselves sufficient consideration to support the agreement, but the agreement must be made in conformity to the law. p. 62.

4. CONTRACTS.—*Various Instruments.—Construing.*—Various instruments drawn at the same time and having relation to the same subject-matter, if executed according to legal requirements,

will be construed together for the purpose of showing the true contract between the parties.  p. 62.

5.  PLEADING.—*Complaint.—Execution of Contract.—Sufficiency of Allegations.*—The allegations of a complaint, in an action for specific performance of an alleged contract to convey real estate, that said contract was substantially performed and that the husband of one of the parties consented to and joined in the execution of the contract and was satisfied with same, are insufficient to show an executed contract, where the contract set out and other allegations show that the husband did not join therein and that he refused to execute the deed.  p. 62.

6.  HUSBAND AND WIFE.—*Real Estate.—Wife's Contract to Convey.*—An executory contract for the conveyance of real estate, signed by a married woman alone, is void.  p. 63.

7.  HUSBAND AND WIFE.—*Wife's Contract to Sell Real Estate.—Joinder of Husband.*—Since under §7462, subd. 4, Burns 1908, §4904 R. S. 1881, the contract of a married woman for the sale of her real estate must be in writing in which her husband shall join, it is manifest that joining in the contract involves the signing thereof by the husband.  p. 63.

8.  SPECIFIC PERFORMANCE.—*Family Settlement.—Contract to Convey Real Estate.—Estoppel.*—Where D., I. and M. entered into a family compromise agreement whereby D. and wife and I. and husband were to deed certain land to M., and M. and husband were to deed other land to D., and executed a note and mortgage to I., the execution of the note and mortgage did not estop M. and husband with reference to the contract to convey to D. in an action by D. for specific performance, and the transaction being in legal effect a contract by parol is unenforceable.  p. 63.

From Superior Court of Allen County; *Owen N. Heaton,* Judge.

Suit by David Knepper and wife against Mary E. Eggiman and others.  From a judgment for defendants, the plaintiffs appeal.  (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.)  *Affirmed.*

*Walpole G. Colerick,* for appellants.
*Richard K. Erwin,* for appellees.

MYERS, J.—The sole question presented in this case is the sufficiency of a complaint to which a demurrer for want of facts was sustained in the court below.

The complaint discloses that Caleb and Margaret Knepper were husband and wife, and appellants and appellees, except those who are joined as husbands or wives, are the sole heirs at law of said Caleb and Margaret, the latter having died on May 2, 1907, and said Caleb on December 10, 1907; that said Caleb and Margaret jointly or severally owned about 150 acres of land in Allen county, and lots in the city of Fort Wayne—all of which are particularly described— and also personal property of great value, the amount not being stated; that after the death of the parents the children asserted claims in their favor respectively against the respective estates of their parents, for various sums and for services rendered or claimed to have been rendered by them respectively to their respective parents during their lives; that no administration has been had on the estate of either parent, and on February 8, 1908, the three children—Daniel Knepper, Isabelle and Mary Eggiman, with the husbands of the two latter—for the purpose of effecting a family settlement or compromise in connection with the division of the property, real and personal, left by their parents, met at a law office, and effected a family settlement and compromise of all said matters and controversies under and by the provisions of which, said Daniel *et ux*, and said Isabelle and her husband were to execute to said Mary a deed of conveyance for certain described lands, amounting to 110 acres; and said Mary and her husband were to execute to said Daniel a quit-claim deed for a described thirty acres of land, and said Mary and her husband were to execute to said Isabelle a mortgage on certain described real estate to secure the payment of a note for $500, executed, or to be executed, by said Mary and her husband, which was to be given for the purpose of equalizing the shares of the three children in the estate of their said parents; that in accord with such agreement the deeds, note and mortgage were that day prepared by the lawyers, and an instrument in writing in triplicate,

signed by the three children, was made in words and figures
as follows:

> "Fort Wayne, Indiana, February 8, 1908.
>
> By the execution of deeds and a mortgage this day
> by the sole surviving heirs of Caleb and Mary Knep-
> per, deceased, all matters of property and interests are
> among the said sole surviving heirs adjusted and com-
> promised.
>
> Mrs. Isabelle M. Eggiman<br>Daniel Knepper<br>Mary Eggiman."

That a copy of said instrument was delivered to each of the
parties, and is now in their possession; that the deed which
was to be executed by Daniel *et ux* and Isabelle Eggiman
and her husband to Mary Eggiman is set out, and bears ac-
knowledgment of February 8, 1908; that the deed from
Mary and her husband to Daniel, prepared by the attorneys,
is set out; that it was not executed by the grantors and is
in the possession of the attorneys, who also hold the deed
acknowledged by Daniel and Isabelle, and who were author-
ized to deliver said deeds to Mary, when she and her hus-
band should sign, acknowledge and execute the deed so pre-
pared; that the note for $500 and the mortgage to secure it
were delivered to the mortgagee, and are now in her posses-
sion; that the deeds were not executed February 8, 1908, for
the reason that the wife of Daniel was not present, and it
was arranged that as soon as her signature could be acquired
the matter should be closed, and on February 14, appellee
Mary was notified that the deeds were ready for delivery;
that said Mary and her husband, without just cause, on re-
quest refuse to execute the deed to Daniel, which it is neces-
sary to do to carry out the compromise and family settle-
ment which is alleged to be fair and just to all in interest,
and founded on a valuable consideration, to avoid a multi-
plicity of suits and unnecessary expense; that Daniel is the
equitable owner of the real estate, and the other parties

defendant, Mary and Isabelle and their husbands, are claiming some right therein which is unfounded and casts a cloud on the title.

Prayer for specific performance, and on failure that a commissioner be appointed to convey, and that the title be quieted in Daniel.

The plaintiffs are Daniel Knepper and Katy Knepper, his wife, and they assign errors jointly and severally. It is not averred that Katy Knepper had any interest, either legal or equitable, in the land, and it is not alleged that the parents of the parties in interest owned the land at the time of their death, or that the land was to be conveyed under the contract to Daniel and Katy, or that said Mary and her husband had any interest to convey, or that the parties were tenants in common.

The sufficiency of the complaint is attacked because of no showing of interest in Katy Knepper; because the complaint is predicated on an oral contract for an exchange of an interest in real estate; because the contract alleged as a written one is not joined in by the husband, and because it is not averred that Mary Eggiman had any interest in the land, or that it was owned by either ancestor at their death.

As to the first proposition, the general rule is, that a complaint to withstand a demurrer for want of facts must state a good cause of action as to all who join in it.

1.  *Deane* v. *Indiana Macadam, etc., Co.* (1903), 161 Ind. 371, 376, 68 N. E. 686; *Frankel* v. *Garrard* (1903), 160 Ind. 209, 212, 66 N. E. 687; *Brunson* v. *Henry* (1894), 140 Ind. 455, 459, 39 N. E. 256; *Brown* v. *Critchell* (1887), 110 Ind. 31, 35, 7 N. E. 888, 11 N. E. 486; *Halstead* v. *Coen* (1903), 31 Ind. App. 302, 305, 67 N. E. 957.

Unless this complaint falls within some exception to the general rule it is insufficient for that reason.

Such an exception is raised from the marital relation by reason of the statutory rights of married women and

married men. The wife was not a necessary party
2. but she was a proper party, as having an interest
with her husband in the relief demanded. *McIntosh*
v. *Zaring* (1898), 150 Ind. 301, 49 N. E. 164; *Burnett* v.
*Milnes* (1897), 148 Ind. 230, 235, 46 N. E. 464; *Lake Erie,*
*etc., R. Co.* v. *Priest* (1892), 131 Ind. 413, 31 N. E. 77;
*Atkinson* v. *Mott* (1885), 102 Ind. 431, 26 N. E. 217; *Roller*
v. *Blair* (1884), 96 Ind. 203; *Bellows* v. *McGinnis* (1861),
17 Ind. 64.

Under the arrangement, the wife of Daniel Knepper was
parting with her inchoate interest in specific property, in
return for and in consideration of the vesting in him of
other specific property of which a one-third interest in fee
would vest in her at his death, or upon judicial sale in his
lifetime, and she was directly interested, even though the
conveyance was to be made to him. The alleged contract
was, to some extent, for the benefit of his wife; and while
their interest was not the same, it was in some sense joint,
owing to the marital relation, and they had a joint interest
in the relief sought. She was a proper, but not a necessary
party. The serious question is as to the right to specific per-
formance in Daniel Knepper.

It is not averred that the contract was in writing, but it
is claimed that the memorandum of February 8, 1908, and
the writing of the deeds and note and mortgage, the delivery
of the latter, the placing of the deed to Mary in the hands
of the attorneys to deliver, and giving the deed to Mary for
signing and acknowledging, makes the contract one in
writing, and with the partial performance, takes the case
out of the statute of frauds.

It is not doubted that the courts will, and should go far to
uphold family settlements entered into without fraud, but
they cannot do so in violation of express statutes,
3. and that seems to be this case. Compromises and
avoiding litigation are in and of themselves sufficient

consideration to support the agreement, but there must still be an agreement made in conformity to the law.

The position of appellants is that the deeds and mortgage were treated by the parties as having been executed contemporaneously with the execution of the written agreement, and as a mere formality or incident connected with the completion of the agreement of compromise, which was the primary subject under consideration, and the means of its ultimate completion were merely incidental thereto, but constitute an integral part of the contract which was partly consummated.

It cannot be doubted but that these various instruments, drawn at the same time and having relation to the same subject-matter, if they had been executed according to legal requirements, would be construed together for the purpose of showing the true contract between the parties. *Schmueckle* v. *Waters* (1890), 125 Ind. 265, 25 N. E. 281; *Carr* v. *Hays* (1887), 110 Ind. 408, 11 N. E. 25; *Sutton* v. *Beckwith* (1888), 68 Mich. 303, 36 N. W. 79, 13 Am. St. 344 and note.

The contest centers on the question of the contract itself not having been executed by the husband of Mary Eggiman, and the fact that they both refused to execute the deed.

The allegation of the complaint is, "that said contract of final settlement and compromise was substantially performed, and that the husbands of said Mary Eggiman and Isabelle Eggiman consented to and joined in the making and execution of said contract, and were satisfied with the same." It is insisted by appellants that, on demurrer, it affirmatively appears that the husband of Mary Eggiman consented to and joined in the making of the contract, and was satisfied therewith. But the contract is set out, and with the allegations show that he did not join in the contract in the sense of being a party or executing it, and further allegations show that he refused to execute the deed, which, under

appellants' own theory, was an essential part of the agreement. If the contract is not a contract to convey land, it can aid appellants in nowise. If it is a contract to convey lands, or an interest in them, it is plainly executory, for the reason that the conveyance was not made.

As an executory contract, signed by the wife alone, it has no force, as she had no power to make such contract alone. §7853 Burns 1908, §5117 R. S. 1881; *Lentz* v. *Greve* (1885), 102 Ind. 173, 26 N. E. 128; *Cook* v. *Walling* (1889), 117 Ind. 9, 19 N. E. 532, 2 L. R. A. 769, 10 Am. St. 17; *Parks* v. *Barrowman* (1882), 83 Ind. 561.

To say that it was an executed contract is to beg the whole question, because a part of its execution involved the execution of a deed, the very subject of this controversy.

As a contract for the sale of real estate, or an interest therein, must be in writing, signed by the party to be charged (§7462, subd. 4, Burns 1908, §4904 R. S. 1881), and as a married woman can only make a contract to sell or convey real estate in which she shall be joined by her husband, it is manifest that joining in the contract must involve signing it, precisely as in case of a deed or mortgage itself. *Percifield* v. *Black* (1892), 132 Ind. 384, 31 N. E. 955; *Shirk* v. *Stafford* (1903), 31 Ind. App. 247, 67 N. E. 542; *Bartlett* v. *Williams* (1901), 27 Ind. App. 637, 60 N. E. 715.

It remains to consider whether there has been such part performance as to take the case out of the statute of frauds.

As to the contract as an entirety it was as we have seen, void both as against Mary Eggiman and her husband, and the only affirmative act alleged is the execution of the note and mortgage to Isabelle Eggiman. And while Mary and her husband may be estopped so far as that act is concerned, it could have no effect as to the promised deed to appellants, for no estoppel can arise as to either. No possession is alleged, and nothing of value received. If the property descended to the parties as tenants in common,

they still stand in that relation, and the entire transaction, owing to the failure of the husband to join in the contract with his wife, renders the whole, in legal effect, a contract in parol, and unenforceable.

The court did not err in sustaining the demurrer to the complaint, and the judgment is affirmed.

NOTE.—Reported in 97 N. E. 161. See, also, under (1) 31 Cyc. 103; (2) 36 Cyc. 767; (3) 8 Cyc. 504; 80 Am. Dec. 524; 36 Am. St. 145; (4) 9 Cyc. 580; (5) 36 Cyc. 774; (6) 21 Cyc. 1320; (7) 21 Cyc 1504; (8) 36 Cyc. 645. As to effect of nonjoinder of husband in wife's executory contract to convey where his joinder is essential to a conveyance, see 30 L. R. A. (N. S.) 353.