however, that if Hall really acted as Moderator after his title to the office had been legally cut off by the decision of the Board, whatever the circumstances tending to show a real and honest controversy as ·to the validity and binding force of that judgment, he was guilty.

This, I think, was incorrect. It is believed to be quite unnecessary to notice such of the points referred to by counsel as are not disposed of by this opinion, since they will not be likely to arise on another trial.

The judgment below must be reversed and a new trial ordered.

The other Justices concurred.

---

## William A. Beers et al. v. Alice M. Beers.

*Waste: Tenant for life.* Under the statute of this state (*Comp. Laws,* §§ *4698, 4699*), an action on the case for waste cannot be maintained against a tenant for life, for waste committed after such tenant has conveyed all his estate and is out of possession.

*Heard October 5. Decided October 11.*

Error to St. Clair Circuit.

This was an action on the case brought by William A. Beers and others in the Circuit Court for the County of St. Clair, against Alice M. Beers for waste, alleged in the plaintiffs' declaration to have been committed in taking down and carrying away a steam flouring mill situated upon the premises, the title to which the plaintiffs held as reversioners in fee after the termination of the life estate of the defendant; which life estate she derived from her husband, Horace Beers, who died without issue. The defendant pleaded the general issue. On the trial, it appeared that the acts complained of were committed by Michael B. Kean, to whom the defendant had conveyed

all her estate, and who was in possession under such conveyance at the time of the alleged waste.

The Circuit Judge charged the jury that the defendant, holding as widow and tenant for life of said Horace Beers, deceased, was not liable for waste committed by said Kean, after the interest of said defendant had been conveyed to him, and that therefore the plaintiffs had no cause of action against the defendant, the tenant for life, but that the plaintiffs must look to Michael B. Kean, the· actual trespasser ; to which charge the plaintiffs excepted.

The jury found for the defendant, and the plaintiffs bring the cause into this Court by writ of error.

*W. S. Edwards* and *C. I. Walker,* for plaintiffs in error.

I. It is entirely clear at the common law that the tenant in dower was liable to the reversioners for any waste committed upon the estate in dower, no matter by whom committed, or whether before or after assignment.— *Cruise's Digest, Title III, Chap. 11,* § *31, p. 120 ; 2 Wms. Saunders, 251, 2 ; Livingston v. Haywood, 11 Johns., 429 ; Bates v. Schraeder, 13 Johns., 263 ; Wood v. Griffin, 46 N. H., 230.* But this stringent liability for waste only extended to those cases where the life estate was created by the act of the law. Ordinary tenants for life or years were not liable for waste until the statute of Gloucester.—*6 Edw., Chap. 5.*—Nor had reversioners a right of action for waste against assignees of tenants in dower.

II. Our statute has neither in terms or by clear implication taken away this liability.—*2 Comp. Laws, Sec. 4698, 9.*

This act extended the common-law liabilities of some of the parties named therein, but it does not purport to exempt any from existing liabilities, and to take away such liabilities the implication must be clear. The decision

21 MICH.—G³.

under the New York statutes seems to take it for granted that the liability still exists.—*Bates v. Shraeder, 13 Johns., 263.*

III.   But however this may'be, the evidence in this case tended to prove that Kean committed the waste by the express authority of the defendant, given at the time of the assignment.   He was her agent, and she was liable for his act.   She not only *suffered,* but *committed* the waste, and would be liable under the statute.   The Court, therefore, should have left it to the jury to say whether the waste was committed by her authority.

IV.   There was also evidence tending to show that she suffered waste by permitting the premises to be sold for taxes.   That this is waste, see *Stetson v. Day, 51 Maine, 434.*

*T. C. Owen* and *D. C. Holbrook,* for defendant in error.

1st.   It is insisted by the defendant that, as tenant for life, she might convey her interest by deed; and that, having so conveyed, she is not liable for the acts of her grantee, he being in possession, and committing the waste complained of.—*Comp. Laws,* §§ *4698, 9.*

By the ancient common law tenants for life were not liable to an action for waste.—*8 Pick. Rep., 309.* And our statute makes them liable only when in possession.—*Comp. Laws,* § *4698.* An assignee of a lessee is liable.—*Short v. Wilson, 13 Johns., 33.*

2d.   The deed from the defendant to M. B. Kean was the ordinary form of a quit-claim deed, and gave to the grantee no permission to commit waste or to remove the mill, and there is no evidence in the case tending to show any such permission or authority subsequent to the date of the deed.   The testimony as to the understanding between Kean and the defendant, prior to the execution of the

deed, as to permission to remove the mill, was conflicting, and if admissible at all, the jury had a right to give such weight to it as in their judgment it was entitled to, and the verdict of the jury will not be disturbed.—*Gaines v. Betts, 2 Doug. Rep., 99; Snow v. Perkins, 2 Mich. Rep., 238; Welch v. Bagg, 12 Mich. Rep., 41.*

GRAVES, J.

The plaintiff in error brought an action on the case for waste against Mrs. Beers, and the following facts appeared on the trial: One Horace Beers died in February, 1859, seized of the premises described in the record, and on which at that time, and until after the sale made by defendant to one Kean, there was a mill. The defendant in error is the widow of Horace Beers, and at his death became tenant for life of the premises by force of the statute. In 1862, Mrs. Beers conveyed her life estate by deed to Kean, and gave him authority to remove the mill, and he removed it after such conveyance. And finally the premises were sold for the taxes of 1863. The plaintiffs in error, who were also plaintiffs below, are the heirs-at-law. of Horace Beers. The acts of waste relied on were, that Mrs Beers caused the mill to be removed and suffered the premises to be sold for taxes. The foregoing facts having been shown, the Circuit Judge in substance charged the jury that the plaintiffs could not recover.

The question raised by this ruling is, whether the action could be maintained against the original tenant for life for matters which occurred after she had conveyed all her interest, and when she was not shown to be in possession. The circumstance that Mrs. Beers informed Kean, when he purchased, that he could take off the mill, is quite unimportant, since her control wholly ceased when she conveyed

her interest, and her deed and transfer invested Kean with all the authority on that subject he could derive from her.

Being grantee of her whole interest, his right and authority could neither be enlarged or diminished by her declarations.

It is argued for plaintiffs in error that by the common law, when the estate for life, as in this case, is created by act of law, the original tenant is liable for acts of waste committed by an assignee, and that our statutes in relation to waste have not changed the rule. The counsel for defendant, however, contend that this matter is regulated by Sections 4698 and 4699, Comp. Laws, and that defendant having granted her estate absolutely without retaining possession, she was not liable for the acts charged as waste and which were done and suffered by her grantee. We think the position is correct. Whatever may have been the rule at common law or under the statutes of Marlebridge and Gloucester in relation to the action of waste, we think the action on the case in the nature of waste, which is the form adopted and that authorized by our statutes, was not maintainable against defendant in error on the facts shown. The first section of the statute gives the action against the original tenant for life or the assigns of such tenant *respectively,* and not against either at the election of the reversioner, and lest it should be inferred from this provision that the original tenant would not be liable in any case for acts done after the transfer of his estate, the next section provides that when such tenant shall let or grant his estate and still retain possession and commit waste, the reversioner may have his action on the case against him therefor.

The second section illustrates the meaning of the first. By specifically giving the action against the original tenant

for life when continuing in possession and committing waste after conveyance of his estate, it clearly implies that under the first section he would not even be liable for his own acts of waste after conveyance.

To support the action of case, therefore, under the statute against the original tenant for life, it must appear that he committed or suffered the waste, and that he was in possession, if his estate was leased or had been granted.

This view of the statute harmonizes with the theory of an action on the case, which supposes an actual wrong and not one by mere intendment, and it also tallies with the settled-opinion in this country that estates in real property ought to be liberated as far as practicable from the burdensome incidents of the ancient law.

If the tenant for life could not convey his estate without being subject thereafter to prosecution for supposed acts of waste done by his grantee, it would greatly impair the value of the estate in his hands and operate as a serious restraint upon alienation. And the notion that unless the original tenant for life is held liable for the acts of his grantee, he may by alienation introduce a reckless or irresponsible assignee, has not been deemed sufficient by the Legislature to outweigh countervailing considerations.

The judgment of the court below should be affirmed with costs.

The other Justices concurred.