Allen, J.
 

 Since the court of common pleas took from the jury the issue of the liability for taxes, the only question confronting us upon this record is whether a tenant for life of a conventional life estate is liable for waste suffered and committed by his assignee, after such original life tenant has assigned all his interest in and given up possession of the premises to the assignee.
 

 This question arises out of the following facts: On or about February 19, 1912, the tract of real estate which is the subject of the controversy was deeded by Daniel M. Howell and Edward Y. Howell, and Antoinette Howell, wife of Edward Y. Howell, to Martin V. Howell, father of Daniel M. Howell and Edward Y. Howell, a widower, for life. In the deed, the grantors, for themselves and their heirs, reserved the fee in such real estate, and provided that such real estate should not be enjoyed by the grantors or their heirs during the lifetime of Martin V. Howell without his written consent. The deed contained no covenant or provision against waste, nor that the life tenant was to pay the taxes.
 

 On or about February 2, 1915, Edward Y. Howell and wife conveyed their remainder interest in such real estate to Daniel M. Howell, and simultaneously therewith Daniel M. Howell and his wife, by deed, conveyed the fee in such real estate, subject, however, first, to the life estate of Martin V. Howell, and, second, to the life estate of Daniel M. Howell, to Emily D. Howell and Ethel H. Gilbert, defendants in error herein, and to their sister, Alice Smith. The
 
 *546
 
 defendant in error Raymond Smith, is the widower of Alice Smith, and the defendant in error Howell Smith, a minor, is Alice Smith’s only heir and next of Mn. Emily D. Howell, Ethel H. Gilbert, and Alice Smith were the daughters of Daniel M. Howell and the granddaughters of Martin Y. Howell.
 

 On December 3, 1919, Martin V. Howell, by written agreement and for a valuable consideration, sold and transferred his life estate in such premises to Daniel M. Howell, now deceased. The agreement contained the following phrase: “It being the intention of first party [Martin Y. Howell] by the signing of this contract to convey at the time above specified [in any event on or before March 31,1920] to second party [Daniel M. Howell] such rights as he [Martin V. Howell] has in said Lincoln avenue property as a life tenant, the same as if it were done by a quit claim deed.”
 

 Some time later Emily D. Howell and Ethel H. Gilbert, plaintiffs below, and their sister, Alice Smith, conveyed to R. M. Modisette, C. F. Smith, and L. P. Metzger an undivided one-third interest in the premises in question, and such grantees, by a supplemental petition, were made defendants in the case below, and are defendants in error here.
 

 It is conceded that, during all the time that Martin V. Howell was seized of a life estate in such premises, he committed no waste and paid all taxes and assessments thereon.
 

 It is also conceded that all the waste and nonpayment of taxes complained of by plaintiffs below in their petition were committed by the defendant below, now deceased, Daniel M. Howell, and subsequent to the conveyance to him by Martin V. Howell
 
 *547
 
 of all his (Martin V. Howell’s) interest in such premises, and subsequent to taking of possession by Daniel M. Howell.
 

 Under these circumstances, did the Court of Appeals err in affirming the judgment of the court of common pleas to the effect that Martin Y. Howell, the tenant for life of a conventional life estate, after assignment of all his interest in such premises and giving up possession to his assignee, can be held in damages for waste suffered?
 

 This question arises under Section 8593, General Code, which reads as follows :
 

 “A tenant for life in real property, who commits or suffers waste thereto, shall forfeit that part of the real property of which such waste is committed or suffered, to the person having the immediate estate in reversion or remainder. Such tenant also will be liable in damages to the person having the immediate estate in reversion or remainder for the waste committed or suffered thereto.”
 

 The words “such tenant” in the second sentence, which is the sentence which gives rise to the cause of action considered here, certainly refers to the tenant for life. ‘
 
 ‘
 
 The waste committed or suffered thereto ’ ’ refers to the waste committed or suffered by the tenant for life, as stated in the first sentence of the section. It is conceded that we have here a case not of voluntary, but of permissive, waste, and that Martin Y. Howell did not commit the waste in question. Moreover, at the time that the waste was suffered, Martin Y. Howell was no longer a tenant for life. There is no element of collusion in this case; the waste permitted having not been instigated by Martin Y. Howell. The sole question is whether Martin V. Howell is liable for such waste because
 
 *548
 
 of the fact that he himself was still living at the time when the waste was suffered. Because of this fact, the Court of Appeals held that the term of Martin Y. Howell’s life tenancy, in spite of the assignment and delivery of possession, had not expired at the time when the waste was suffered, and that he was liable therefor.
 

 The Court of Appeals based its judgment upon a claimed analogy between the liability of a life tenant for waste, under Section 8593, and a lessee’s liability, in an estate for years, to pay rent after an assignment of his interest, relying for this judgment upon
 
 Smith
 
 v.
 
 Harrison,
 
 42 Ohio St., 180, and
 
 Blosser
 
 v.
 
 Enderlin,
 
 113 Ohio St., 121, 148 N. E., 393. We do not agree, however, that these cases covering the liability of the lessee upon an express covenant to pay rent during the term are controlling upon the question of the liability for waste of a life tenant-after assignment of his entire interest and surrender of possession to his assignee. It is argued that, where the covenant is not express, but implied, the lessee is liable unless the lessor has accepted rent from the assignee or consented to the assignment. Jones on Landlord and Tenant, Section 447;
 
 Consumers’ Ice Co.
 
 v.
 
 William H. H. Bixler & Co.,
 
 84 Md., 437, 447, 35 A., 1086. However, this rule obtains because the landlord gives up his right to immediate possession for the consideration of the rental. The remainderman is not entitled to possession before termination of the life estate, and hence there is no necessity for assent upon the part of the remainderman to the life tenant’s assignment of his estate. Hence the analogy as to the lessee fails.
 

 The general statutes as to alienation of interests
 
 *549
 
 in real property are broad in the extreme. Section 8510, General Code, provides for the deed, mortgage, or lease of “any estate or interest in real property,” and the manner of its execution. Section 8620 provides that “no lease, estate or interest, either of freehold or term of years, or any uncertain interest of, in, or out of lands, tenements, or hereditaments, shall be assigned, or granted except by deed, or note in writing, signed by the party so assigning or granting it * * *.” These statutes certainly recognize the right of assignment of any estate or interest in real property, including that of estate for life, and make no requirement for assent upon the part of the remainderman. Moreover, it has been expressly decided in this jurisdiction that the life tenant may assign his estate.
 
 Carpenter
 
 v.
 
 Denoon,
 
 29 Ohio St., 379. This is the general rule. Tiedeman on Real Property (3d Ed.), part I, Section 51.
 

 As stated in 17 Ruling Case Law, 645: “A tenant for life is regarded as so far the possessor of an independent estate that he may convey his entire interest or grant any smaller estate out of the same in favor of another.” See, also, 64 Am. Dec., 369, note.
 

 Certainly if the tenant for life, upon assignment of his interest and delivery of possession, cannot rid himself of liability for waste committed or suffered by his assignees, the value of the life estate is largely destroyed. As stated by Graves, J., in
 
 Beers
 
 v.
 
 Beers,
 
 21 Mich., 464: “If the tenant for life could not convey his estate without being subject thereafter to prosecution for supposed acts of waste done by his grantee, it would greatly impair
 
 *550
 
 the value of the estate in his hands and operate as a serious restraint upon alienation.”
 

 Since the deed which created this particular conventional life estate contained no covenant as to liability for waste, there was no privity of contract upon this subject between Martin V. Howell and the remainderman. After the assignment as Martin V. Howell had completely divested himself of the estate, there was no privity of estate between them. That being the case, under what theory is Martin V. Howell still liable for waste committed or suffered after assignment and delivery of possession?
 

 There is a surprising dearth of authority upon this particular question. It is significant that authorities do state that only the tenant in possession can be held liable for waste, and under these authorities Martin V. Howell is not liable. 40 Cyc., 497, note 1;
 
 Palmer
 
 v.
 
 Young,
 
 108 Ill. App., 252. Cases relating to liability of tenant by courtesy or tenant in dower after assignment, such as
 
 Bates
 
 v.
 
 Shraeder,
 
 13 Johns. (N. Y.), 260, and
 
 Foot
 
 v.
 
 Dickinson,
 
 43 Mass. (2 Metc.), 611, are not in point, for these are cases of legal, as distinguished from conventional, life estates.
 
 Beers
 
 v.
 
 Beers, supra,
 
 which holds that there is no liability in the life tenant after assignment of his interest, is equally not in point, for it is grounded upon the peculiar Michigan statute. In view of our own Code provision, we are compelled to the same conclusion. Under Section 8593, it is plain that Martin V. Howell cannot suffer forfeit of the life estate, because he has yielded up all of his interest therein. The juxtaposition of the statutory provisions with reference to being liable for waste and forfeiture indicate that
 
 *551
 
 the tenant for life who is liable in damages for waste is the party who is seized of the life estate while the waste is committed or suffered. Martin Y. Howell was no longer seized of the life estate after he conveyed his interest to Edwin M. Howell. Daniel M. Howell then became seized of the estate as a life tenant
 
 pur autre vie,
 
 for the life of Martin V. Howell. Since Martin Y. Howell no longer was seized of the life estate, he was not, under the statute, liable in damages for waste.
 

 We deem it unnecessary to consider the question of merger of the life estate created in Daniel M. Howell by the conveyance executed upon February 2, 1915, and the life estate
 
 pur autre vie
 
 created by the assignment of the life estate of Martin Y. Howell to Daniel M. Howell.
 

 We conclude that Martin Y. Howell could not be held liable for waste occurring after assignment of his interest and delivery of possession. Hence it was reversible error for the trial court to overrule the motion to dismiss the case at the close of the plaintiff’s testimony, to overrule the motion for a directed verdict at the close of all the testimony, to overrule the motion for judgment on the pleadings notwithstanding the verdict, and to refuse to charge before argument the written request numbered 1, given above.
 

 Judgment reversed and final judgment for plaintiff in error.
 

 Marshall, C. J., Robinson, Jones and Matthias, JJ., concur.